Donald E. FEAGAN et al., Plaintiffs,

v.

Henry John LANG, an Individual d/b/a
John Lang Carpenter Builder,
Defendant.

No. FL 75-359-Civ-NCR.

United States District Court,
S. D. Florida,
Ft. Lauderdale Division.

July 9, 1976.

Kaplan, Dorsey, Sicking & Hessen, Miami, Fla., for plaintiffs.

Henry John Lang, pro se.

## MEMORANDUM OPINION

ROETTGER, District Judge.

This cause arises out of a dispute between the trustees of a labor health and welfare, pension, vacation, and apprenticeship and training fund and an individual carpenter-employer. Jurisdiction of this court has been invoked pursuant to Section 301 of the Labor Management Relations Act, as amended 29 U.S.C. § 185. The complaint alleged that defendant had breached a contract with the Broward County Carpenters District Council in that:

1. defendant had failed to allow an audit to be performed to determine whether the required fund contributions were current, and

2. defendant had become delinquent in contributions required to be paid to said funds.

The construction industry has, in recent years, been severely depressed as a result of the economic recession. Many contractors have been adjudicated bankrupt and unemployment rates in the industry are staggering. Accordingly, this court has been faced with hundreds of similar suits in the past few years. Plaintiffs seek an accounting, and judgment for the contributions in arrears, plus late payments, auditor's fees and counsel fees.

Many such suits are terminated by a default judgment, and a large number are dismissed, pursuant to Local Rule 13, for want of prosecution because service was never effected upon the defendant. Prior to the effective date of the Employees Retirement Income Security Act of 1974 (E.R.I.S.A.), 29 U.S.C. § 1001 et seq., the rest of the suits with very rare exceptions were amicably settled. However, this court is now faced with increased numbers of cases which cannot settle such as the instant case.

Plaintiffs herein, are denominated fiduciaries within the meaning of that term as defined in E.R.I.S.A., 29 U.S.C. §§ 1002(21)(A), 1103. Because such fiduciaries are held personally liable for breaches of duty if they fail to maximize the assets held by the trust funds, 29 U.S.C. §§ 1104(a)(1)(B), 1105(a)(2), plaintiffs have advised the court of their apprehension that any compromise of the amounts allegedly owed to the funds would subject them to such personal liability. See 29 U.S.C. §§ 1106, 1107(a). A notice issued by the Department of Labor had substantiated this view. See Notice of Proposed Exemption, 40 F.Reg. 23,798 (June 2, 1975).[1] The plaintiffs have also advised that they feel settlement, or dismissal, or often not filing suit, would be preferable to being compelled to prosecute these suits to judgment in situations where prudence dictates otherwise. The court has always been impressed with the manner in which plaintiffs have selected and prosecuted these types of cases.

In the instant case, defendant, appearing *pro se*, filed a handwritten answer denying all allegations of the complaint. Defendant failed to appear at any proceeding thereafter but the court, in the exercise of its discretion adopting a position of greater leniency toward *pro se* litigants, set the matter for trial. Plaintiffs appeared through counsel and the court, after hearing testimony and receiving exhibits, reserved its findings and conclusions for this opinion.

### FINDINGS OF FACT

Defendant Henry John Lang, d/b/a John Lang Carpenter Builder on February 15, 1974, executed the Master Carpenters Agreement with the Broward County Carpenters District Council and the Residential Agreement with the Broward County Carpenters District Council. From the date of execution until October, 1974, defendant had made all payments to the required funds. Some of those payments, however, were not timely made. Beginning in October, 1974, defendant ceased to make any payment and on August 6, 1975, plaintiffs commenced this suit.

The audit performed by plaintiffs' certified public accountants has elicited the following items of damage:

1. defendant failed to pay a total of $6.52 which was due and owing to the funds;

2. defendant, although having paid all other contributions due the funds, had made certain contributions untimely. This is most certainly a matter which could have been, and should have been, amicably resolved.

The court always encourages the parties to amicably resolve their differences, wherever possible. It would seem impossible that the provisions of E.R.I.S.A. do not contemplate *any* amicable resolution of disputes such as this. After analysis, the court feels constrained to conclude that amicable resolution is contemplated. Section 404(a)(1)(B), requires the fiduciaries to act:

"With the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims . . . ."

Prudent persons do compromise their position in appropriate circumstances. Moreover, the Department of Labor has issued by notice, Prohibited Transaction Exemption 76–1, 41 F.Reg. 12,740 (March 26, 1976). This exemption provides standards for determining whether settlement of a case such as this is a prohibited transaction within the meaning of Sections 406 or 407(a) of E.R.I.S.A., 29 U.S.C. §§ 1106, 1107(a). *Id.* at 21,742.

The court will consider proposed stipulations for settlement of such trust fund cases within the framework of Section 404(a)(1)(B) and Prohibited Transaction Exemption 76–1, § I(a). Upon the factual finding that a proposed settlement comports with appropriate standards of pru-

---

1. This proposed exemption was not adopted. See 41 F.Reg. 12,740 (March 26, 1976).

dence the court will approve the stipulation. Such a procedure should obviate the reluctance of the parties to work in good faith toward amicable resolution of lawsuits.

## CONCLUSIONS OF LAW

This court has jurisdiction over the subject matter and the parties, 29 U.S.C. § 185. Plaintiffs are entitled to judgment in the sum of $6.52 as sums due and owing, plus $200.00 for auditor's fees and $350.00 for counsel fees. Judgment to be entered in accordance with this opinion.