Elmer L. WAITS, R. Lynn Hales, Thomas P. Edgar, Bruce Abbott, Employer Trustees of Plumbers and Pipefitters Health and Welfare Fund of Local 525, on Behalf of Plumbers and Pipefitters Health and Welfare Fund of Local 525, Plaintiffs, Appellees and Cross-Appellants,

v.

Richard A. WELLER, William Weber, John Grassmeier and Jack McGinty, Employee Trustees of Plumbers and Pipefitters Health and Welfare Fund of Local 525, United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada, Local Union No. 525, An Unincorporated Association, Defendants, Appellants and Cross-Appellees.

Nos. 79–3262, 79–3526.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 15, 1981.

Decided Aug. 17, 1981.

Rehearing and Rehearing En Banc Denied Oct. 15, 1981.

Robert L. Dunn, Bancroft, Avery & McAlister, San Francisco, Cal., for Weller.

Norman Kirshman, Marina del Rey, Cal., argued, for Waits; Michael S. Harris, Kirshman & Rich, Marina del Rey, Cal., on brief.

Before SKOPIL, ALARCON and BOOCHEVER, Circuit Judges.

BOOCHEVER, Circuit Judge.

Employer trustees of the Plumbers and Pipefitters Health and Welfare Fund of Local 525 (the "trust fund") brought this action on behalf of the trust against the employee trustees and Local 525 of the union ("defendants"). The trust fund was designed to provide health and welfare benefits to the employees of various contractors engaging in the plumbing and pipefitting industry ("contractors"). The complaint alleged that Local 525 employees, who were not employees of the contractors, received coverage from the fund without the union making corresponding contributions to the fund. The employer trustees sought damages and removal of the union as the fund's administrator. The district court accepted jurisdiction under section 502(e) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(e), and granted the relief requested, but denied attorney fees. The parties have raised a number of issues on appeal. Since we hold that the district court erred in denying the defendants' motion to file a supplemental answer and counterclaim

alleging settlement of the entire dispute, we do not address the other issues.

On March 21, 1978, a settlement conference was held before the district court. According to the court's minutes, a "settlement is reached and agreed to by the principals." The judge ordered counsel to appear and lodge settlement papers on March 23. On that day, counsel for the employer trustees advised the court that his clients would not accept the settlement. On March 27, the defendants moved for leave to file a supplemental answer and counterclaim alleging that the parties, through their respective counsel, had entered an agreement to settle the entire action.

The district court heard oral argument on the defendants' motion. The employer trustees' counsel acknowledged that he believed that he had full authority to settle. He represented to the defendants that he had such authority. He also admitted that an accord had been reached. Nevertheless, the district court denied the motion because the case was "tinged with the public interest." [1]

[■] Whether to grant leave to amend is within the discretion of the trial court. *Jacobson v. Rose*, 592 F.2d 515, 519 (9th Cir. 1978), *cert. denied*, 442 U.S. 930, 99 S.Ct. 2861, 61 L.Ed.2d 298 (1979). Ordinarily, leave to amend should be freely given in the absence of prejudice to the opposing party. *Wyshak v. City National Bank*, 607 F.2d 824, 826 (9th Cir. 1979). If the defendants proved that a binding settlement had been reached,[2] they had a complete defense

---

1. The defendants' motion was renewed before the judge presiding at the trial, and it was again denied.

2. There is a good possibility that the defendants could have proved that a binding settlement had been reached. The court's own minutes reflect that a settlement had been reached by the principals. The employer trustees' counsel admitted that an agreement had been reached. Cases hold that even if counsel misunderstood his authority to bind his clients, the settlement counsel entered into would be binding. *See Cia Anon Venezolana de Navegacion*

*v. Harris*, 374 F.2d 33, 35–36 (5th Cir. 1967); *Mungin v. Calmar Steamship Corp.*, 342 F.Supp. 484, 486 (D.Md.1972). If we assumed that lack of actual authority could constitute a defense, the employer trustees would probably have the burden of proving a lack of authority since under Nevada law an attorney is presumed to have authority to settle his client's claim. *See State of Nevada v. California Mining Co.*, 15 Nev. 234, 243–44 (1880). *See also Thomas v. Colorado Trust Deed Funds, Inc.*, 366 F.2d 136, 139 (10th Cir. 1966). Moreover, the failure to have the agreement reduced to writing is not a defense. Although the parties

to the employer trustees' claims. *See Autera v. Robinson*, 419 F.2d 1197, 1200–01 & n. 17 (D.C. Cir. 1969). The defendants argue that the district court abused its discretion in denying the motion, because: (1) their motion was timely, (2) the employer trustees were not prejudiced, (3) the settlement constituted a complete defense, and (4) settlement agreements are judicially favored as a matter of sound public policy. *Speed Shore Corp. v. Denda*, 605 F.2d 469, 473 (9th Cir. 1979).

■ The only possible basis for finding that the court did not abuse its discretion is that the purported settlement should not have been enforced because of harm to the public interest. In *Jack Winter, Inc. v. Koratron Company, Inc.*, 375 F.Supp. 1, 54 (N.D.Cal.1974), the court noted that even though policy favoring settlements is strong, settlements which subordinate the public interest to private ends should not be enforced. The employer trustees suggest that the public interest was involved because a number of beneficiaries would be affected. This factor does not, however, differentiate this case from class actions where settlements are permissible assuming they are fair. *See Miller v. Republic National Life Insurance Co.*, 559 F.2d 426, 428–29 (5th Cir. 1977). *Feagan v. Lang*, 416 F.Supp. 53 (S.D.Fla.1976) indicates that courts should encourage equitable settlement of ERISA pension fund cases, just as settlement is encouraged in appropriate class action cases.[3]

This case is not so "tinged with the public interest" that the policy favoring settlements should be overridden. The district court abused its discretion in denying the motion to amend.

■ The defendants also argue that because the matter was subject to binding arbitration the district court erred in holding that it had jurisdiction under ERISA. Regardless of whether the dispute had to be submitted to arbitration or could initially be brought in district court, the parties had the power to settle the case.[4] Thus, we need not decide this issue. Should the district court find that the parties did not reach a binding settlement, however, the district court may wish to reconsider the arbitration issue in light of the recent authorities.

■ The initial question is whether the dispute here involves trust administration or structural violations.[5] If the dispute involves structural violations, there would be federal jurisdiction under section 302(e) of

---

apparently agreed that the settlement would not become binding before court approval, the plaintiffs had a good faith obligation to present the settlement to the court.

3. The *Feagan* court considered the problem posed here by the employer trustees that a settlement could subject them to personal liability for failure to maximize the fund's assets. The court responded that if the proposed settlement comports with standards of prudence, the court will approve the settlement. *Feagan v. Lang*, 416 F.Supp. 53, 54–55 (S.D.Fla.1976). On that basis, we reject the employer trustees' argument that they could avoid settlement because of their fear that they might be charged with a breach of fiduciary duty. *See also Dependahl v. Falstaff Brewing Corp.*, 448 F.Supp. 813, 815 (E.D.Mo.1978) (court rejects argument that settlement violates the provisions of ERISA), *vacated and dismissed*, 594 F.2d 869 (8th Cir. 1979); Nicholson, *Collections and Settlement Under ERISA*, 29 Labor L.J. 364, 367–70 (1978).

4. At the time that the parties entered into the settlement, the district court had jurisdiction to decide whether to appoint an arbitrator and the case was properly pending before it. *See Ader v. Hughes*, 570 F.2d 303, 306 (10th Cir. 1978). Consequently, it had the authority to approve and enforce the settlement. *See Decanay v. Mendoza*, 573 F.2d 1075, 1078 (9th Cir. 1978) ("courts have inherent power . . . to enforce a settlement agreement with respect to an action pending before it; the actual merits of the controversy become inconsequential.").

5. A structural violation occurs when a trust fund as originally written or amended does not comply with the statutory standards contained in § 302(c)(5) of LMRA, 29 U.S.C. § 186(c)(5). *See Alvares v. Erickson*, 514 F.2d 156, 166 (9th Cir.), *cert. denied*, 423 U.S. 874, 96 S.Ct. 143, 46 L.Ed.2d 106 (1975).

the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 186(e). *See Alvares v. Erickson*, 514 F.2d 156, 165–66 (9th Cir.), *cert. denied*, 423 U.S. 874, 96 S.Ct. 143, 46 L.Ed.2d 106 (1975). If on the other hand, the suit is characterized as involving trust administration because of alleged breaches of fiduciary duties, it is a close question whether federal law mandates arbitration of civil causes of action for fiduciary breach.

For the district court's guidance, we will briefly outline the two lines of authority. Under section 302(c)(5) of LMRA, 29 U.S.C. § 186(c)(5), arbitration is required whenever "a deadlock on the administration of [the trust] fund" occurs. As interpreted by the majority of federal courts, section 302(c)(5) includes fiduciary violations.[6] ERISA, however, provides a civil cause of action for fiduciary breach.[7] One line of authority reasons that because Congress specifically provided that ERISA was not intended to supersede any existing federal law, ERISA § 514(d), 29 U.S.C. § 1144(d), the arbitration requirement in section 302 of LMRA must be followed.[8] On the other hand, a number of authorities argue that fiduciary claims need not be submitted to binding arbitration because the intent of Congress in enacting ERISA was to provide ready access to the courts with rules advantageous to plaintiffs, and to promote uniformity in the law. These authorities engage in a balancing process,[9] weighing the competing interests of the statutory right of access to federal courts against the federal policy favoring arbitration, and conclude that fiduciary responsibility claims are nonarbitrable disputes.[10]

We only decide now that the defendants' motion to amend should have been granted. This panel retains jurisdiction over the case in the event that further proceedings before this court become necessary. *See de Gallardo v. I. & N. S.*, 624 F.2d 85, 88 (9th Cir.

---

6. *See Turner v. Local Union No. 302*, 604 F.2d 1219, 1227 (9th Cir. 1979); *Burroughs v. Board of Trustees*, 542 F.2d 1128, 1130 (9th Cir. 1976), *cert. denied*, 429 U.S. 1096, 97 S.Ct. 1113, 51 L.Ed.2d 543 (1977); *Alvares v. Erickson*, 514 F.2d 156, 166 (9th Cir.), *cert. denied*, 423 U.S. 874, 96 S.Ct. 143, 46 L.Ed.2d 106 (1975). *See also Iron Workers Local No. 272 v. Bowen*, 624 F.2d 1255, 1258 n. 3 (5th Cir. 1980); Phillips, *Civil Litigation under the Employee Retirement Income Security Act of 1974*, 49 Miss.L.J. 241, 244 (1978); Goetz, *Developing Federal Labor Law of Welfare and Pension Plans*, 55 Cornell L.Rev. 911, 925–31 (1970).

7. *See* ERISA §§ 401–14, 29 U.S.C. §§ 1101–14; ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

8. *See Air Line Pilots Ass'n. v. Northwest Airlines, Inc.*, 627 F.2d 272, 276 (D.C. Cir. 1980) (since ERISA does not supersede any federal law, portion of the complaint concerning violations of the terms of the plan must be arbitrated since the Railway Labor Act required it); *Challenger v. Local Union No. 1, Intern. Bridge, Structural, and Ornamental Ironworkers*, 619 F.2d 645, 647–49 (7th Cir. 1980) (collective bargaining agreement requires arbitration even though plaintiff alleges breach of ERISA fiduciary duties); *Fox v. Merrill Lynch & Co.*, 453 F.Supp. 561, 565–67 (S.D.N.Y.1978) (ERISA benefit claims must be arbitrated, although court expressed no opinion regarding fiduciary claims); Donaldson, *The Use of Arbitration to Avoid Litigation Under ERISA*, 17 Wm. & Mary L.Rev. 215, 229–30 n. 82 (1975) (hereinafter cited as "Donaldson") (although fiduciary responsibility claims in general need not be arbitrated, fiduciary responsibility questions causing "deadlock" must be).

9. The Supreme Court has used this balancing approach to determine whether statutory rights which supplement contractual rights must be submitted to arbitration. *See Barrentine v. Arkansas-Best Freight System, Inc.*, —— U.S. ——, 101 S.Ct. 1437, 67 L.Ed.2d 641 (1981) (arbitration of FLSA claim does not preclude judicial access); *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 59–60, 94 S.Ct. 1011, 1025, 39 L.Ed.2d 147 (1974) (Title VII remedy not barred by prior arbitration under bargaining agreement); *Wilko v. Swan*, 346 U.S. 427, 433–37, 74 S.Ct. 182, 185–88, 98 L.Ed. 168 (1953) (violations of Securities Act of 1933 may not be arbitrated).

10. *See Lewis v. Merrill Lynch, Pierce, Fenner & Smith*, 431 F.Supp. 271, 275–78 (E.D.Pa.1977) (fiduciary claims not arbitrable); *Donaldson*, note 8 *supra*; Murphy, *The Impact of ERISA on Arbitration*, 32 Arb.J. 123, 18–30 (1977); Schneider, *Surviving ERISA Preemption: Pension Arbitration in the 1980's*, 16 Colum.J.L. & Soc.Prob. 269, 278–85 (1980).

1980); *City of Klawock v. Gustafson*, 585 F.2d 428, 432 (9th Cir. 1978).

REVERSED and REMANDED.