UNITED STATES of America,
Plaintiff-Appellant,

and

Pyramid Lake Paiute Tribe of Indians,
Plaintiff-Intervenor-Appellant,

v.

TRUCKEE–CARSON IRRIGATION DISTRICT, STATE OF NEVADA, Sierra Pacific Power Company, City of Washoe, and Washoe County Treasurer, Trustee, Albert A. Alcorn, and Approximately 17,000 Other Individually Named Persons, Firms, Partnerships, and Corporations, Defendants-Appellants.

Nos. 78–1115, 78–1493.

United States Court of Appeals,
Ninth Circuit.

Jan. 5, 1982.
Rehearing and Rehearing En Banc
Denied March 11, 1982.

Before TUTTLE *, SKOPIL, and SCHROEDER, Circuit Judges.

ORDER

The opinion in the above-named case, currently published at 649 F.2d 1286, 9th Cir. is ordered amended as follows:

1. In the second complete paragraph at 649 F.2d at 1294, the sentence: "Section 4

---

* The Honorable Elbert Parr Tuttle, Senior Circuit Judge, United States Court of Appeals for the Eleventh Circuit, sitting by designation.

of that Act declared that 'restoration of the Pyramid Lake Trout Fishery to its full potential value is deemed to be of national interest and importance' is ordered deleted. The following is ordered substituted: "The House Report of that Act declared that 'restoration of the Pyramid Lake Trout Fishery to its full potential value is deemed to be of national interest and importance.' H.R.Rep. No. 2055, 84th Cong., 2d Sess. 4–5, *reprinted in* 1956 U.S. Code Cong. & Ad. News 3755, 3758."

2. At the end of the third complete paragraph at page 1294, the citation to 15 C.F.R. § 17.11 at 87–88 (1977) is ordered changed to 50 C.F.R. § 17.11 at 87–88 (1977).

3. At page 1295, at the end of the paragraph which begins on page 1294, the last word in the paragraph is ordered changed to "1961" from "1969".

4. At page 1299, the last citation sentence in the paragraph beginning on page 1298 is ordered deleted. The correct citation is "*See* 2 *Waters and Water Rights* § 116.1 at 162 n.20 (R. Clark ed. 1967)."

5. At the end of footnote 13 at 649 F.2d at 1304, the following should be added:

"The level of scrutiny set forth in Restatement Second § 86(e) is appropriate here. The Federal-Indian relationship is long established in the law and involves fiduciary obligations. *See, e.g., Cherokee Nation v. Georgia*, 30 U.S. (5 Pet.) 1, 17 [8 L.Ed. 25] (1931); *Navajo Tribe v. United States*, 364 F.2d 320 (Ct.Cl.1966). In class actions, by contrast, the relation between the class and the class representative is transitory. Outside the context of the action, there is no legal relation. The same is true in actions by most government representatives, where the only relation is between a citizen and the government agency, entailing no legal relation. *See, e.g., Consumers Union v. Consumer Product Safety Comm.*, 590 F.2d 1209 (D.C.Cir.1978); *Southwest Airlines Co. v. Texas Int'l Airlines, Inc., supra*, 546 F.2d 84 [(5th Cir.)]."

6. At the end of the sentence beginning on page 1307 and ending on page 1308, the following is ordered added:

"If the *Orr Ditch* defendants were aware of the government's failure to fulfill its responsibility to the Tribe, and therefore did not reasonably rely on that representation, giving preclusive effect the decree would deny the Tribe due process. If the *Orr Ditch* defendants were without knowledge, enforcing the decree would not contravene due process."

The following sentence should begin a new paragraph.

7. The following is ordered added to the end of the first complete paragraph on page 1309:

"Accordingly, the Tribe's water right cannot be greater than the rights decreed to the government in *Orr Ditch*. The government's priority is superior to the rights of subsequent appropriators. Yet the *Orr Ditch* decree defines the maximum limits of any rights the Tribe may establish on remand. Subsequent appropriators will be no better nor worse off if the Tribe takes more water than they were when TCID was taking its full share."

8. At page 1313, the first word of the fourth line of the indented quotation in the left-hand column should be "every" rather than "the".

9. New footnote 20 is ordered added to the opinion. The signal to the footnote should be placed at the end of the second complete paragraph on page 1309. Subsequent footnotes are ordered renumbered. New footnote 20 will state:

"Antagonistic parties are not necessarily adverse parties. Adversity is a legal concept. It exists only if parties have had an opportunity of litigating between themselves the correctness of a determination which is the basis of the judgment between them. Restatement of Judgments, *supra*, § 82, Comment a. The formal requirements of setting up adversity serve the purpose of notifying the parties and the court that a binding judgment between the parties is intended. These formal requirements were not fol-

lowed here. Neither the court nor the government nor the Tribe nor TCID was ever put on notice that a binding judgment was intended between TCID and the Tribe. Such notice might have suggested to the Tribe that it must seek to intervene, and to the court that intervention might be proper. *See New Mexico v. Aamodt, supra,* 537 F.2d [1102] at 1106 [(10th Cir.)]. Because of the important function served by the adversity requirement in this situation, we decline to suspend its application. The fact that TCID and the Tribe may have had antagonistic interests is irrelevant."