UNITED STATES of America, Plaintiff,

and

Pyramid Lake Paiute Tribe of Indians, Plaintiff-Intervenor,

v.

TRUCKEE–CARSON IRRIGATION DISTRICT, et al., Defendants.

Civ. No. R–2987–RCB.

United States District Court, D. Nevada.

Sept. 18, 1985.

---

Lamond R. Mills, U.S. Atty., Shirley Smith, Asst. U.S. Atty., Reno, Nev., James J. Clear, Dept. of Justice, Land and Natural Resources Div., Washington, D.C., for plaintiff.

Roger A. Bergmann, Reno, Nev., for Federal Water Master.

Robert S. Pelcyger, Fredericks & Pelcyger, Boulder, Colo., Michael R. Thorp, Eisenhower, Carlson, Newlands, Reha, Henriot & Quinn, Tacoma, Wash., E. Pierre Gezelin, Robert L. VanWagoner, Reno City Atty., Reno, Nev., for plaintiff-intervenor Pyramid Lake Paiute Tribe of Indians.

James W. Johnson, Jr., Johnson & Adams, Ltd., Reno, Nev., Kronick, Moskovitz, Tiedemann & Girard, Frederick G. Girard, Sacramento, Cal., for defendant Truckee-Carson Irr. Dist.

Brian McKay, Atty. Gen. of Nevada, William E. Isaeff, Chief Deputy Atty. Gen., Carson City, Nev., John W. Hoffman, Harold A. Swafford, Sp. Deputy Attys. Gen., Bowen, Swafford & Hoffman, Reno, Nev., for defendant State of Nev.

Mills Lane, Washoe Co. Dist. Atty., Edward Dannan, Asst. Dist. Atty., George Campbell, Deputy Dist. Atty., Reno, Nev., for defendant Washoe County.

Gordon H. DePaoli, Woodburn, Wedge, Blakey & Jeppson, Reno, Nev., for defendant Sierra Pacific Power Co.

Leslie B. Gray, Sparks, Nev., for Albert A. Alcorn, et al, Group 19 defendants.

Vonn J. Jenkins, Vargas & Bartlett, Reno, Nev., for 35 defendants.

Theodore J. Schroeder, Sinai & Schroeder, Reno, Nev., for Harry Callahan & Kayser Trust.

Steven P. Elliott, Sparks City Atty., Sparks, Nev., for defendant City of Sparks.

Prince A. Hawkins, Hawkins, Rhodes & Sharp, Reno, Nev., for defendant Prince A. Hawkins.

Maurice J. Sullivan, Reno, Nev., for 281 defendants.

Thomas J. Hall, Guild, Hagen & Clark, Ltd., Reno, Nev., for Skyland Water Co. & several landowners, Washoe County.

## OPINION

BELLONI, District Judge.

### Nature of Motion

The United States and the Pyramid Lake Paiute Tribe ("Tribe") filed this action in 1973 to quiet title to the water rights of all users to the Truckee River. United States District Judge Blaine Anderson subsequently ruled that plaintiffs' claims for water rights to the Truckee River were the same claims litigated earlier in *United States v. Orr Ditch Water Company, et al.*, Equity No. 3, and therefore barred by res judicata. Appeals to the Ninth Circuit Court of Appeals and the United States Supreme Court followed. On June 24, 1983, 463 U.S. 110, 103 S.Ct. 2906, 77 L.Ed.2d 509, the Supreme Court in a unanimous decision upheld the district court's earlier ruling that plaintiff's claims were barred by res judicata. The case was remanded to this court, 720 F.2d 622 (9th Cir.1983), for further proceedings in conformity with the Supreme Court's opinion. Before this court acted on the remand order, however, the Tribe moved to amend its original complaint. The question presented in this motion is whether the court should grant the Tribe leave to amend.

### Facts

The Truckee River is located in central Nevada. It begins in the high Sierras, runs through Reno, Nevada, and eventually empties into Pyramid Lake. The Truckee River provides water for many purposes including the irrigation of Nevada farm land and the maintenance of Pyramid Lake for fishery purposes. Unfortunately, the demands on the Truckee throughout this century have exceeded the supply of water available and have made the Truckee River the subject of extensive litigation.

In 1913, the United States, on behalf of the Pyramid Lake Paiute Tribe, brought an action against the Orr Ditch Water Company and all other users of the Truckee River to quiet title to the water rights of the Truckee River. The parties in the *Orr Ditch* litigation eventually reached an agreement as to how to divide the available water rights. In 1944, the District Court entered a consent decree based on this agreement.

In 1973, the United States brought this action to quiet title to the water rights of the Truckee River. The United States brought the action on behalf of the Pyramid Lake Paiute Tribe for an implied reserved water right to sufficient waters of the Truckee River for the maintenance and preservation of Pyramid Lake and for the maintenance of the Truckee River as a natural spawning ground. This court subsequently permitted the Tribe to intervene. The named defendants included approximately 17,000 individuals with water rights to the Truckee River, the Truckee Carson Irrigation District, the State of Nevada, the cities of Reno and Sparks, Nevada, Washoe County, Nevada, and the Sierra Pacific Power Company.

Based on *Orr Ditch*, the defendants contended that plaintiffs' claims were barred by res judicata and collateral estoppel. Judge Blaine Anderson of this court bifurcated the trial and in the first stage, tried only the defendants' affirmative defenses. After a 44–day trial, Judge Anderson held that plaintiffs' claims were the same as those litigated earlier in *Orr Ditch* and for this reason, barred by res judicata. Judge Anderson subsequently dismissed the United States' and the Tribe's claims with prejudice. Appeals to the Ninth Circuit Court of Appeals and the United States Supreme Court followed.

The Ninth Circuit Court of Appeals affirmed in part and reversed in part the holding of the District Court. The Court of Appeals held that res judicata barred the dispute between all parties except the Newlands Reclamation Project and the Tribe. The Court of Appeals found that these parties were not sufficiently adverse to one another in the *Orr Ditch* litigation to war-

rant the use of res judicata in this action. *United States v. Truckee Carson Irrigation District,* 649 F.2d 1286 (9th Cir.1981) *amended,* 666 F.2d 351 (1982).

The United States Supreme Court granted certiorari on October 12, 1982. The Supreme Court affirmed in part and reverse in part the holding of the Court of Appeals. The Supreme Court affirmed that part of the Ninth Circuit's holding barring the litigation between, on the one hand, the *Orr Ditch* defendants, their successors in interest, and subsequent appropriators of the Truckee River, and on the other hand, the United States and the Tribe. The Court, however, reversed the Circuit Court's holding that insufficient adversity existed between the Newlands Reclamation Project and the Tribe. The Court, in a unanimous decision, held that the *Orr Ditch* litigation barred the action between these parties as well. *Nevada v. United States,* 463 U.S. 110, 103 S.Ct. 2906, 77 L.Ed.2d 509 (1983).[1]

The Supreme Court subsequently remanded the case to the Court of Appeals which in turn remanded the case to this court for further proceedings in conformity with the Supreme Court's decision. Before the court acted on the appellate court's remand order, however, the Tribe submitted this motion to amend its original complaint.

### The Amended Complaint

The Tribe's amended complaint consists of four claims. In the first claim, the Tribe asserts an implied reserved water right to the unappropriated waters of the Truckee River for fishery purposes. Unlike the Tribe's original claim, the Tribe states that only the State of Nevada and the Nevada State Engineer have an adverse interest in this claim. In the second claim, the Tribe

seeks to enjoin the State Engineer from infringing on the Tribe's right to the unappropriated waters.

The Tribe's third and fourth claims focus on new issues. In the third claim, the Tribe contends that the Truckee Canal is located on the Pyramid Lake Indian Reservation and constitutes a continuing trespass. The Tribe seeks damages and a court order requiring that the canal be removed. In the final claim, the Tribe alleges that, contrary to Nevada law, several dams and obstructions on the Truckee are without fishways or fishladders and that a number of diversion ditches are without fishscreens. The Tribe seeks a court order requiring installation of these devices.

### Criteria For Allowing Leave to Amend

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires." The decision of whether to grant leave to amend, however, is vested within the sound discretion of the District Court. *Zenith Radio Corp v. Hazeltine Research, Inc.,* 401 U.S. 321, 330, 91 S.Ct. 795, 802, 28 L.Ed.2d 77 (1971); *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); 3 J. Moore, Federal Practice ¶¶ 15.02, 15.08 (1964). In making this determination, the Court focuses on the factors of undue delay, prejudice to the opposing party, futility of the amendment, and bad faith. *Foman v. Davis,* 371 U.S. at 182, 83 S.Ct. at 230; *Howey v. United States,* 481 F.2d 1187, 1190 (9th Cir.1973). These guidelines arise from the hornbook proposition that piecemeal litigation should be discouraged since it not only cuts against the grain of public policy but is also prejudicial to individual litigants. *Troxel Manufacturing Co. v. Schwinn Bicycle Co.,* 489 F.2d 968, 971 (6th Cir.1973).

---

1. It is important to note Justice Brennan's concurrence in the Supreme Court's opinion as it is largely responsible for the Tribe's motion to amend in this case. In his concurrence, Justice Brennan agreed with the Court that the Tribe's claim was barred by res judicata but stated that parties, such as the Tribe, whose rights have been appropriated should be compensated for their loss. In a footnote, he added that "the Tribe retains a *Winters* right, at least in theory, to water to maintain the fishery" and that to some extent the Tribe's claim may be satisfied with among other things "application of heretofore unappropriated flood waters" of the Truckee River. *Nevada v. United States,* 463 U.S. 110, 146, 103 S.Ct. 2906, 2926, 77 L.Ed.2d 509 (1983).

Of the four factors mentioned above, undue delay and prejudice to the opposing party are the most commonly cited for denying leave to amend. *See e.g. Doe v. McMillan*, 566 F.2d 713, 720 (D.C.1977); 3 J. Moore, Federal Practice ¶¶ 15.08, [4] (1964). The most critical of the two is prejudice to the opposing party. *Howey v. United States*, 481 F.2d 1187 (9th Cir.1973); *Waits v. Weller*, 653 F.2d 1288 (9th Cir. 1981). Prejudice has been found where the plaintiff based an amendment on an alternate theory after plaintiff's original claim failed to survive a motion for summary judgment, *Troxel Manufacturing Co. v. Schwinn Bicycle Co.*, 489 F.2d at 971; where the plaintiff raised an entirely new issue in a postjudgment motion to amend, *M/V American Queen v. San Diego Marine Construction*, 708 F.2d 1483, 1492 (9th Cir.1983); *U.S. Labor Party v. Oremus*, 619 F.2d 683, 692 (7th Cir.1980); and where the amended claim necessitated extensive additional discovery, *Howey v. United States*, 481 F.2d at 1191; *Jordan v. County of Los Angeles*, 669 F.2d 1311, 1324 (9th Cir.1982).

Undue delay is also a commonly-cited factor in determining whether to grant or deny a motion to amend. *See Komie v. Buehler Corp.*, 449 F.2d 644 (9th Cir.1971). The Ninth Circuit Court of Appeals warns, however, that undue delay alone is generally not sufficient grounds for denying leave to amend. *Howey v. United States*, 481 F.2d at 1190.

*Undue Delay*

■ The Tribe raises this motion to amend after two years of trial preparation, 44 days of trial, and appeals to the Ninth Circuit Court of Appeals and the United States Supreme Court. In total, this motion follows ten years of active litigation. Granting leave to amend would be extraordinary under these circumstances. The Tribe cites no case suggesting otherwise. Defendants, on the other hand, cite several cases where leave to amend was denied under less stringent circumstances. *See e.g. Jordan v. County of Los Angeles*, 669 F.2d 1311, 1324 (9th Cir.1983); (Court denied pretrial motion to amend adding new cause of action filed two years after complaint.); *Diaz v. San Jose Unified School District*, 705 F.2d 1129, 1133 (9th Cir.1983) (Court denied leave to amend complaint allegedly conforming claims to Court of Appeals decision.)

The Tribe fails to set forth reasons justifying its delay in filing the amended claims in this action. The fact that the Tribe interprets Justice Brennan's concurrence to allow a claim to the unappropriated waters is no justification for the ten-year delay in filing the motion to amend. The merit of the Tribe's amended claim is only one of four factors and is considered separately from undue delay and prejudice to the opposing parties.[2] The Tribe knew of the facts underlying its claim to the unappropriated waters when it filed its original complaint.[3] Where a party, such as the Tribe in this case, knows of the facts underlying an amendment at the time the original action is filed, the court may deny the motion to amend. *Jordan*, 669 F.2d at 1324.

*Prejudice*

■ Even more significant than the Tribe's delay in asserting this amendment, is the prejudice the amendment presents to

2. This court does not suggest that the Tribe's interpretation of Justice Brennan's concurrence is accurate. The issue of whether the Tribe actually has a *Winters* right that could be satisfied through use of the unappropriated waters of the Truckee River was not before the Supreme Court. If not barred by res judicata, that issue would have to be litigated to be determined.

3. The Tribe raised the issue in the original proceedings of the trial court in arguments against bifurcation. The Tribe asserted that the court's decision with respect to res judicata or collateral estoppel would not be dispositive of the claims for unappropriated waters since this claim was not adjudicated in *Orr Ditch*. Judge Anderson rejected this argument. It should be noted that in the subsequent 44-day trial, Judge Anderson intended to try all of plaintiff's defenses against res judicata and collateral estoppel. The Tribe's amended claim would have been more appropriately raised during that trial.

the defendants. To begin with, the Tribe's amended complaint would change the nature of this action. In the original action, the Tribe claimed a *Winters* right for fishery purposes to the waters of the Truckee River. The defendants included the approximately 17,000 parties claiming rights to the Truckee River, the Truckee Carson Irrigation District, the State of Nevada, the cities of Reno and Sparks, Nevada, Washoe County, Nevada, and the Sierra Pacific Power Company. In the amended complaint, the Tribe claims a *Winters* right only to the unappropriated waters of the Truckee. The Tribe concedes that very few of the defendants other than the State of Nevada and the State Engineer have any adverse interest in this action.[4] In the initial action, the Tribe's case focused on parties with perfected water right claims. In the amended action, the Tribe focuses on the State of Nevada, the State Engineer, and those parties that have applied for but have not received perfected water right claims. These changes in the Tribe's amended complaint would require extensive additional discovery. The Ninth Circuit particularly disfavors allowing amended claims when to do so would require such additional discovery. *See e.g. Howey,* 481 F.2d at 1191; *Jordan,* 669 F.2d at 1324.

Granting leave to amend would not only prejudice those parties remaining in the action but would prejudice those parties against whom the action would no longer be directed. The Tribe argues to the contrary, stating that if the case were allowed to proceed, these defendants could choose to opt out of the case if they so desired. Under the Tribe's reasoning, more than 17,000 defendants in this action would have to bear the cost of extricating themselves from an action in which they won at the Supreme Court. I will not subject the de-

fendants to such unreasonable treatment. Filing a new action against the half dozen or so interested parties would be much cleaner and more judicially efficient than the Tribe's suggested method of amending this claim and allowing the existing 17,000 defendants to opt out.[5]

*The Tribe's Additional Claims*

▉ The Tribe raises two additional claims in its amended complaint. In the first additional claim, the Tribe seeks damages and a court order requiring that the Truckee Canal be removed from the Tribe's Reservation. In the second, the Tribe alleges that, contrary to Nevada law, several dams and obstructions on the Truckee are without fishways or fishladders and that a number of diversion ditches are without fishscreens. The Tribe seeks a court order requiring installation of these devices.

I deny the Tribe's motion to amend with respect to these latter two claims for the same reason it denies the motion with respect to the first two claims. First, the claims are not new. The Tribe knew of the facts providing the basis for these claims at the time the original complaint was filed. The Truckee Canal has been in the same location for 80 years. Similarly, the Truckee River has lacked fish ladders and screens for 40 years. Second, the new claims would necessitate significant additional discovery to determine the location of the Truckee Canal, the ownership and value to the underlying property, the nature and extent of the claims previously made and settled by the Tribe against the United States, and the effect of fish ladders and screens upon the fishery. And finally, the new claims are entirely unrelated to the water right claims pursued in the original action. I find that the factors of undue delay and prejudice require that

4. Other parties that may have an interest in the Tribe's amended complaint include the eight that have applied for water rights permits with the State of Nevada. These include Sierra Pacific Power company, Washoe County, Washoe County Department of Public Works, City of Reno, Nevada, Cecil R. Kearns, Robert Leland, and Timothy and Pamela Holt. The last three

individuals are not defendants in the existing action.

5. Besides providing for the existing defendants to opt out, it appears that the Tribe would need to amend the amended complaint to add in the three parties with applications for water rights who are not already defendants in this action. See note 4.

the Tribe's motion to file an amended complaint be denied.

IT IS SO ORDERED.