Pamela McMILLEN, Plaintiff,

v.

J.C. PENNEY COMPANY, INC., William Petty, et al., Defendants.

No. CV–N–01–0574–RAM.

United States District Court,
D. Nevada.

Feb. 12, 2002.

Day R. Williams, Carson City, NV, for plaintiff.

Pat Lundvall, McDonald, Carano, Wilson, McCune, Bergin, Frankovich & Hicks, LLP, Reno, NV, for defendants.

### MEMORANDUM DECISION AND ORDER

McQUAID, United States Magistrate Judge.

Plaintiff filed her complaint in this action on September 26, 2001, alleging violations of Title VII and pendent state law claims against Defendants J.C. Penney Co. ("J.C. Penney") and William Petty. Petty was served with the summons and complaint on November 18, 2001, making his answer due on December 10, 2001. On November 30, 2001, J.C. Penney filed its answer within the time period stipulated to by the parties. On December 18, 2001, Petty joined in J.C. Penney's answer to the complaint (Doc. # 8). Now before the court is Plaintiff's Motion to Strike Answer as untimely (Doc. # 9). Defendants have opposed the motion (Doc. # 10), and Plaintiff has replied (Doc. # 12). For the reasons set forth below, Plaintiff's motion is denied.

## DISCUSSION

Under Federal Rule of Civil Procedure 12(a), "a defendant shall serve an answer ... within 20 days after being served with the summons and complaint." Fed. R.Civ.P. 12(a)(1)(A). Failure to do so may result in an entry of default or default judgment under Federal Rule of Civil Procedure 55. Although styled as a Motion to Strike, the substance of Plaintiff's motion is that Petty's failure to file a timely response is a default, and his Motion to Strike is equivalent to a motion for entry of default under Federal Rule of Civil Procedure 55(a)[1]. *See Heber v. United States*, 145 F.R.D. 576, 577 (D.Utah 1992). Consequently, "[t]he filing of a late answer is analogous to a motion to vacate a default," because "the party filing the late answer receives 'the same opportunity to present mitigating circumstances that [it] would have had if a default had been entered and [it] had moved under Rule 55(a) to set it aside.'" *John v. Sotheby's, Inc.*, 141 F.R.D. 29, 35 (S.D.N.Y.1992) (quoting *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981)). Accordingly, Plaintiff's motion should be treated as a Motion for an Entry of Default and Petty's response as a Motion to Set Aside a Default. *See id.; Heber*, 145 F.R.D. at 577.

Under Rule 55(c), the court may, "for good cause shown," set aside an entry of default. Fed.R.Civ.P. 55(c). "Good cause" is a liberal and mutable standard. Because defaults are generally disfavored, courts resolve such motions so as to encourage a decision on the merits. *See TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir.2001). Consistent with that principle, a court may consider numerous factors in deciding whether to exercise its discretion to enter a default, including: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir.1986).

An analysis of the above factors in the context of this case lead to the inescapable conclusion that Petty's failure to file a timely response should be excused. First and foremost, no prejudice will result from Petty's joinder. He has asserted no new defenses or counterclaims to Plaintiff's complaint. Furthermore, the joinder motion came merely eight days late and only one month after Plaintiff filed her complaint. *Cf. United States v. Truckee–Carson Irrigation Dist.*, 107 F.R.D. 377, 382 (D.Nev.1985). Those factors alone, combined with the policy favoring decisions on the merits mitigates against a finding of default. Accordingly, Plaintiff's Motion to Strike Answer (Doc. # 9) is ***DENIED***.

---

1. A motion to strike is appropriate where a pleading contains an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed.R.Civ.P. 12(f). Such is not the case here. Plaintiff moves to strike Petty's answer as simply untimely. Even if such a motion were contemplated by the Federal Rules, Plaintiff has not met her burden with respect to striking the answer. The moving party must make two showings: first, the challenged allegations must be clearly unrelated to the pleader's claim, and second, the moving party must be prejudiced by permitting those allegations to remain in the pleading. *Wailua Assocs. v. Aetna Cas. & Sur. Co.*, 183 F.R.D. 550, 553–54 (D.Haw.1998). No allegation of prejudice has been made here.