ARDISCO FINANCIAL CORPORATION, Respondent, v. FANNY DE MARGOULIES, Doing Business as NIVEAU GALLERY, Appellant.

First Department, June 2, 1964.

*Jack L. Rappaport* of counsel (*Charles S. Port,* attorney), for appellant.

*Jay F. Gordon* of counsel (*Natanson, Gordon & Reich,* attorneys), for respondent.

RABIN, J. In this action to recover for the alleged conversion of a painting, the defendant, owner of an art gallery, appeals from that portion of an order of Special Term as denied her cross motion to dismiss the complaint for insufficiency or, in the alternative, for summary judgment in her favor.

The relevant facts underlying this action are uncontroverted. Consequently there are no factual issues to be tried and the matter should be disposed of as a matter of law. It is our conclusion that summary judgment to the defendant should be granted.

On January 31, 1962 the plaintiff, Ardisco Financial Corporation, entered into a joint venture agreement with one George

Bluds. The joint venture involved the purchase of works of art by Bluds for the purpose of resale — the funds for such purchases being advanced by the plaintiff. The profits from such sales were to be divided between plaintiff and Bluds — one third to the former and two thirds to the latter — with Bluds to bear all losses. The agreement also provided that the works of art purchased by Bluds were to be " promptly put into [plaintiff's] possession or be put under [plaintiff's] control with others approved by [it]."

Subsequent to the execution of the agreement Bluds acquired a Van Dongen painting. This painting was delivered by Bluds* to the defendant gallery for resale, the gallery holding the painting in his name. There is nothing in the record to indicate that at the time of the delivery of the painting to the defendant, she had any knowledge of any interest on the part of the plaintiff in the painting.

Thereafter, and on January 17, 1963, plaintiff sent a telegram to the defendant (confirmed by a subsequent letter with identical text) as follows:

" Please be advised that the painting, Nu au Chapeau Noir by Van Dongen, held by you in the name of George Bluds is the joint property of Ardisco Financial Corporation and George Bluds and no disposition thereof may be made without the express written authorization of Ardisco Financial Corporation through its President, Mr. Oscar Dane.

" You will be held fully liable for any disposition of said painting contrary to these instructions."

On or about January 27, 1963 — some 10 days after the receipt of the telegram — the defendant returned the painting to Bluds. It is this return — made without obtaining plaintiff's consent — that plaintiff contends constituted a conversion of the painting by defendant and for which recovery is sought in this action.

We conclude that, as a matter of law, the defendant is not guilty of having converted the painting and that summary judgment in her favor should be granted.

When delivery of the painting was made to the defendant for purposes of sale and defendant accepted it for such purpose, a contract of bailment came into being. Under such contract the defendant bailee — unless a sale was made — was under a legal obligation to redeliver the painting to the bailor, Bluds. (*Ouder-*

---

* While it is not expressly disclosed by whom such delivery was made, the only inference that may be drawn from the papers submitted is that it was delivered by Bluds. This conclusion is reinforced by the statements made by counsel upon the argument of the appeal.

*kirk* v. *Central Nat. Bank,* 119 N. Y. 263; *Scholen* v. *Guaranty Trust Co.,* 177 Misc. 64, affd. 263 App. Div. 703, mod. 288 N. Y. 249; 5 N. Y. Jur., Bailment, § 74, pp. 88–90; Brown, Personal Property [2d ed.], p. 351.) As between herself and Bluds, defendant could not—without being guilty of a conversion—refuse redelivery to him by asserting a deficiency in either his title or right to possession. She would be estopped to assert such matter (5 N. Y. Jur., Bailment, § 30; Brown, Personal Property [2d ed.], pp. 355, 356).

However, if the plaintiff had asserted a paramount right to the painting, then had the defendant refused to redeliver the painting to Bluds she would—assuming, of course, that the asserted right was a valid one—be held free of liability to Bluds for a breach of the contract of bailment (*Mullins* v. *Chickering,* 110 N. Y. 513). Conversely however, short of such notice she would have been obliged to redeliver the painting to Bluds.

Having in mind these principles the determinative issue in this case is readily apparent. Does the notice sent to defendant by plaintiff suffice to constitute the requisite assertion of a valid paramount right as to render defendant's redelivery to Bluds a conversion? We conclude that it does not.

The notice is readily divisible into two parts. The first advises the defendant that the plaintiff is a joint owner—along with Bluds—of the painting. Such notice of plaintiff's joint interest is not an assertion of a right paramount to that of Bluds. The notice gives no indication that plaintiff's joint interest was coupled with a superior right of possession. There is no mention in the notice of that possessory right and the defendant may not be charged with knowledge thereof solely by reason of notice of joint ownership. Nor is the mere assertion of joint ownership sufficient to make wrongful a redelivery to the bailor, Bluds. A claim of equivalency of right by a stranger to the bailment contract is not the assertion of a paramount right necessary to justify nondelivery to the bailor.

The latter portion of the notice, in substance, advises defendant not to make any disposition of the painting without plaintiff's authorization. We find such portion likewise insufficient to constitute an assertion of a paramount right by plaintiff. In addition, in the context of the defendant's relationship to the painting and the purpose for which she obtained possession, it is clear that the only meaning that could be ascribed to the caveat in the notice by one in the defendant's position was that no sale was to be made by defendant absent plaintiff's consent. A prohibition against such unauthorized sale—assuming plain-

tiff had a legal right to impose such restriction — would not be violated by the return of the painting to Bluds.

Even if the notice could be construed as a demand that the painting not be returned to Bluds without plaintiff's consent it would be insufficient to fix liability on the defendant for disregarding such demand in view of the absence of anything to indicate rights in the plaintiff superior to those of Bluds. The notice merely asserts a joint ownership. It does not indicate any superior rights. The mere assertion of such a joint interest does not constitute the requisite claim of paramount right as to render the redelivery to Bluds a conversion.

It would be manifestly unfair to a bailee — already under an obligation to redeliver to a bailor — to require that such bailee be chargeable with all the possible meanings — no matter how veiled and subtle — of a notice such as that with which we are concerned. It would have required no great effort on the part of the plaintiff to clearly assert its paramount right to the property. Had such an assertion been made, the bailee's position would have been difficult enough. To add to this difficulty a requirement that the bailee must also speculate as to whether a communication, by implication, constitutes an assertion of adverse right would create serious practical difficulties in the business world and interfere unnecessarily with normal commercial intercourse.

The granting of summary judgment in favor of the defendant makes unnecessary any ruling on the sufficiency of the complaint.

Accordingly, the order so far as appealed from should be reversed, on the law, the facts and in the exercise of discretion, with costs to the defendant-appellant, as to grant summary judgment to the defendant.

BOTEIN, P. J., BREITEL, McNALLY and Eager, JJ., concur.

Order, entered on December 6, 1963, so far as appealed from, unanimously reversed, on the law, on the facts and in the exercise of discretion, with $20 costs and disbursements to the appellant, and defendant's motion for summary judgment granted, with $10 costs.