Paul G. GROSSMAN, James Whitmer and Martin C. Ricks, as members of the Cornell Manufacturing Company, Inc. Employees Pension Trust Pension Committee, Plaintiffs,

v.

Sidney B. MUSHLIN and Muriel Mushlin, Defendants.

No. 79 Civ. 3842 (WCC).

United States District Court, S. D. New York.

May 27, 1980.

Squadron, Ellenoff, Plesent & Lehrer, New York City, for plaintiffs; Neal M. Goldman, Judith R. Cohen, New York City, of counsel.

Cleary, Gottlieb, Steen & Hamilton, New York City, for defendants; Edwin B. Mishkin, Paskus, Gordon & Hyman, New York City, of counsel.

## OPINION AND ORDER

CONNER, District Judge:

This is an action brought by three members of the Pension Committee ("Pension Committee") of the Cornell Manufacturing Company, Inc. Employees Pension Trust to recover amounts allegedly overpaid to Sid-

ney B. Mushlin ("Mushlin"), formerly a principal of Cornell Manufacturing Company, Inc. ("Cornell"), as part of a lump-sum distribution of Mushlin's retirement benefits voted on by the Pension Committee and paid out by the pension plan when Mushlin and his wife Muriel were the sole trustees of the plan and the sole members of the Pension Committee overseeing the operation of the plan.

The case is presently before the Court on plaintiffs' motion to dismiss defendants' first counterclaim for joinder, under Rule 22, F.R.Civ.P., of claims asserted by Cornell in a pending state court action against these defendants, and to dismiss defendant Muriel Mushlin's third counterclaim for a distribution of pension benefits to which she alleges she is entitled under the Cornell pension plan. As to the third counterclaim, plaintiffs have moved alternatively for a stay of that claim pending the resolution of a substantially similar claim pending in the action brought by Cornell in state court to recover amounts allegedly overpaid by Cornell into the pension plan fund.

*Factual Background*

On February 1, 1969, Cornell, a business previously controlled by Mushlin and his wife, was purchased by National Screw and Manufacturing Company ("NSC"), a subsidiary of Monogram Industries, Inc. ("Monogram"). Monogram-NSC continued thereafter to operate Cornell as a subsidiary, and Mushlin continued to work for Cornell as its president and general manager. The terms of Mushlin's employment were set forth in two successive employment agreements with the corporation.

Muslin's normal retirement date was December 1, 1975; however, he continued to work for the Cornell subsidiary of Monogram-NSC until August 1976, when the corporation terminated his employment.

Cornell had established a pension plan on May 13, 1959, ten years prior to its acquisition by Monogram-NSC. Under the Agreement for Purchase of Partnership Assets and the Agreement for Purchase of Corporate Assets entered into at the time of Monogram-NSC's purchase of Cornell, Mon-

ogram-NSC agreed to assume the employer's obligation under the plan.

From March 1974 through July 31, 1976, Mushlin and his wife, Muriel, acted as co-trustees of the Cornell pension plan and as sole members of the plan's Pension Committee. On or about December 1, 1975, the Pension Committee, composed of Mushlin and Muriel Mushlin, adopted a resolution concerning payment of a lump-sum pension distribution to Mushlin. In April 1976, in accordance with that resolution, Mushlin received a distribution from the pension plan of $520,666, a sum which was calculated using a base annual income figure for Mushlin of $100,000, equivalent to Mushlin's income from Cornell in 1965.

In 1977, Cornell brought an action in New York state court (the "Cornell state action") seeking recovery under state statutory and common law for the Mushlins' alleged breach of their fiduciary duties to the corporation by, *inter alia*, causing the corporation to make allegedly excessive contributions to the pension plan to fund the anticipated pension benefit payout to Mushlin.

*Pleadings before this Court*

Plaintiffs' complaint alleges that, according to the Cornell pension plan, defendant Mushlin's pension benefits should have been calculated from a base salary of $38,000, representing Mushlin's average annual salary over the period from December 1, 1960 to November 30, 1965, rather than the $100,000 figure actually used; and by using an annuity purchase cost figure of $1,136.36 per $10 of monthly benefit, a figure which plaintiffs allege is lower than the conversion figure actually used in computing the lump-sum amount to which Mushlin was entitled. Plaintiffs further assert that under Article XII, Section 5 of the pension plan, it was improper for Mushlin and Muriel Mushlin (who, plaintiffs contend, was under Mushlin's control) to decide the amount of or otherwise take action on Mushlin's pension benefits. They thus contend that the Mushlins breached their fiduciary duties as trustees of the pension plan and as members of the directing Pension

Committee, and that Mushlin thereby received an improper benefit under the plan; and request, under 29 U.S.C. §§ 1109 and 1132, return of the alleged pension overpayment, or $387,990.

Defendants have answered that the calculation of Mushlin's pension payment using a base salary figure of $100,000, representing Mushlin's 1965 income, was proper under the Cornell pension plan, and that the annuity purchase cost used to convert Mushlin's pension entitlement to a lump-sum amount was proper. Defendants raise as affirmative defenses the statute of limitations and the allegation that they acted in good faith "in conformity with the manner in which the pension plan had been administered since its inception," in accordance with advice of counsel, and upon instructions received from the professional administrator who had been retained both to design and to supervise the operation of the pension plan. Defendants further assert as affirmative defenses that the pension benefit which Mushlin received had been fully funded at the time Mushlin received the payment, so that the plan suffered no damage as a result of the payment even if the amount paid had been improper; and that any recovery of damages by the plan's Pension Committee would inure, not to the benefit of the plan, but to the benefit of the corporation (Monogram-NSC and its subsidiary Cornell), and that the corporation, as the real party in interest, is estopped from receiving such a recovery by Monogram-NSC's agreement, at the time Cornell was purchased, to continue to fund the Cornell pension plan "as it was then being administered."

Finally, defendants raise three counterclaims. The first asserts a right to join Cornell as a party plaintiff and to require Cornell to interplead its state law claims under Rule 22, F.R.Civ.P., alleging that Cornell's state action is based on allegations of overpayment of pension benefits to Mushlin substantially identical to those made by plaintiffs here; that the separate claims of the present plaintiffs and Cornell may expose the defendants to double liability on the same fund, namely, the pension payment which Mushlin received; and that this Court has jurisdiction to hear this counterclaim under the doctrine of ancillary jurisdiction. The second alleges that plaintiffs, by bringing this action, which, defendants allege, is in the interest of Cornell (and through Cornell, Monogram-NSC) rather than in the interests of the pension plan itself, have increased the administrative expenses of the pension plan in a manner which constitutes waste and a violation of plaintiffs' statutory duties under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA"). The third, raised by defendant Muriel Mushlin alone, seeks pension benefits allegedly due to her under the Cornell pension plan.

Plaintiffs reply that the first and second counterclaims fail to state a cause of action, that defendants have no standing to raise the second counterclaim, and that, since the third counterclaim is identical, with the exception of one paragraph, to a counter- and cross-claim brought by Muriel Mushlin in the Cornell state court action, the counterclaim here should be dismissed, or this Court's resolution of this counterclaim should be stayed pending a state-court determination of the issues raised.

*State court proceedings*

The New York state courts have ruled in the Cornell state action on certain issues related to those in this case. On September 10, 1979, the Appellate Division, Second Department, handed down a decision ruling that (1) Cornell's cause of action against the Mushlins under the New York Business Corporations Law and under Mushlin's employment contracts with Cornell after Cornell became a subsidiary of Monogram-NSC for allegedly misinforming the corporation as to the amounts the corporation should pay into the pension plan on Mushlin's behalf is not preempted by ERISA; and (2) the current trustee of the pension plan, Bank of America National Trust and Savings Association ("Bank") need not be joined as a necessary party to the Cornell state action. The Appellate Division fur-

ther held, however, that paragraph 16 of the Cornell complaint, which alleged that the lump-sum pension payment to Mushlin was itself improper, did state a claim falling outside the state courts' jurisdiction due to preemption by ERISA; and that the court's ruling as to the Bank did not affect the Bank's status as a party for purposes of contesting Muriel Mushlin's counterclaim (filed after the Westchester Supreme Court rulings from which the Mushlins and the Bank had appealed) against the Bank for pension benefits. *Cornell Mfg. Co., Inc. v. Mushlin,* 70 A.D.2d 123, 420 N.Y.S.2d 231 (2d Dept. 1979).

I. Motion to dismiss defendants' first counterclaim

On review of the motion papers here, the pleadings in both this action and in the Cornell state action, and the Appellate Division's decision in the Cornell state action, the Court concludes that plaintiffs' motion to dismiss defendants' interpleader counterclaim should be granted.

■ The purpose of interpleader under Rule 22 is to protect a debtor "from *undue* harassment when there are several claims made against the *same fund.*" *Pan American Fire & Casualty Co. v. Revere,* 188 F.Supp. 474, 480 (E.D.La.1960) (emphasis in original). This necessarily requires that the claims to be joined be adversary or inconsistent; as the court stated in *Trowbridge v. Prudential Insurance Company of America,* 322 F.Supp. 190, 192 (S.D.N.Y.1971),

"[u]nder the Federal Rules, interpleader is a procedural device which enables a person holding money or property . . to join two or more parties asserting mutually exclusive claims to the fund in a single suit . . . The key to this concept is the avoidance of multiple liability *when only a single obligation is owing.*" (emphasis in original).

■ In this instance, however, Cornell's state law claims and the Pension Committee's claims before this Court do not appear to be inconsistent claims to a single fund. First it is not apparent that a "fund" exists in this case within the meaning of *Pan American, supra.* The fact that damages in Cornell's state action may be measured, at least in part, by reference to the operation of the pension plan and to the payments made to Mushlin from the pension plan funds [1] does not mean that a common fund exists with respect to the two claims, as in *Pan American, supra.* In *Pan American,* the insurance company's liability was *limited* by the amount the company was required to pay under its contract with the insured, while here, the Mushlins' potential personal liability for violations of state statutory and common law fiduciary and contractual duties ·and of fiduciary duties and benefit entitlements established or governed by ERISA is not so limited.

Moreover, the claims asserted in the state lawsuit and the claims asserted here are not inconsistent, *i. e.,* will not cause the Mushlins to pay twice on the same obligation. Even assuming, most favorably to defendants, that the pension plan was structured to be simply a conduit for funds paid in by the corporation to Mushlin as a pension plan participant, a recovery by the corporation of damages for defendants' breach of their obligations to the corporation, measured by the amount of monies wrongfully paid into the plan by the corporation, is not inconsistent with or preclusive of recovery by the Pension Committee under ERISA for breach of fiduciary obligations as measured by funds wrongfully paid out of the plan, see 29 U.S.C. §§ 1104, 1109; *Fremont v. McGraw-Edison,* 606 F.2d 752 (7th Cir. 1979), or for recovery from Mushlin as a participant receiving an overpayment under the plan, see 29 U.S.C. § 1132. This situation is thus not comparable to that in those cases cited by defendants holding that in-

---

1. Any damages the Mushlins may be adjudged to owe Cornell under Cornell's state law claims may ultimately be offset or reduced by any reimbursement to the plan which the Mushlins might be required to make as a result of this lawsuit, but only if it is shown that, as the Mushlins contend, their reimbursements to the pension plan would reduce Cornell's future obligations to fund the plan.

consistent claims may be joined under an interpleader motion even though the claims are brought under different legal theories, see, e. g., *Royal School Laboratories v. Town of Watertown*, 358 F.2d 813 (2d Cir. 1966) (claims arose out of same failure to pay for goods delivered; recovery by the subcontractor/supplier under one legal theory would be inconsistent with that portion of the claim for payment for services rendered by the contractor's assignee relating to the supplier's goods).[2]

## II. Motion to dismiss or stay third counterclaim

■ The Court further concludes that plaintiffs' alternative motion for a stay of consideration of Muriel Mushlin's third counterclaim for benefits due under the pension plan should be granted for a limited period under the Court's equitable power to supervise and control its docket.

Several factors suggest that such a stay is appropriate at this juncture. First, the counter- and cross-claim which Muriel Mushlin had brought against Cornell, joined now by the Pension Committee,[3] and the Bank (the current trustee of the Cornell pension plan) in state court is in almost every material respect, identical to the third counterclaim asserted here. Secondly, it appears that the claim was properly brought in state court, see 29 U.S.C. § 1132(e)(1); *Morrissey v. Curran*, 567 F.2d

546, 549, n.10 (2d Cir. 1977), and will be adjudicated there. Third, defendants have not contested plaintiff's motion to dismiss or stay the Court's consideration of this claim. Fourth, it appears to the Court that the state courts, which are more familiar with the factual background underlying the claim than is this Court at this stage in this proceeding, may rule more expeditiously than could this Court on the merits of the claim, and that discovery or further motion practice here on the claim might duplicate the proceedings in the state courts in material respects.

Accordingly, the Court's consideration of the third counterclaim will be stayed, see *Landis v. North American Company*, 299 U.S. 248, 254, 57 S.Ct. 163, 165, 81 L.Ed. 153 (1936); *Nederlandse Erts-Tankers Maatschappij v. Isbrandtsen Co.*, 339 F.2d 440 (2d Cir. 1964); *Italia di Navigazione, Sp.A., v. Seatrain Lines*, No. 79 Civ. 235 (S.D.N.Y., filed October 26, 1979) (Conner, J.) until such time as the state courts rule on the merits of the claim, or until six months from the date of this Opinion and Order, whichever is sooner.

In summary, plaintiffs' motion to dismiss defendants' first counterclaim is granted, and plaintiffs' motion for a stay of consideration of defendant Muriel Mushlin's third counterclaim is granted to the extent noted above. The parties shall advise the Court

---

**2.** Plaintiffs emphasize that the legal theories are not the same in the two actions; defendants argue that, as in *Watertown, supra*, interpleader may be proper even though different legal theories support two claims to the same fund. The Court notes that Cornell has expressly disclaimed any interest in recouping improper payments out of the pension fund and that, in any event, the Appellate Division has ruled that any such claim by Cornell in its state-court action would be beyond the jurisdiction of the state courts due to preemption by ERISA, see *Cornell, supra* at 237, so that the claims do appear to be based on entirely separate theories. This is not, however, dispositive of the interpleader issue, see discussion, *supra*. The relationship of plaintiffs here to Cornell and Monogram-NSC, much relied on by defendants, is similarly irrelevant to whether defendants may successfully move here under Rule 22. Whether or not it is true, as defendants allege, that the Pension Committee plaintiffs

here are mere instruments of the related corporations (and the Court notes that defendants have not moved here for substitution of Cornell as the real party in interest under Rule 17, F.R.Civ.P., or for compulsory joinder of Cornell under Rule 19 or permissive joinder under Rule 20), the two suits do not represent claims to the same fund, but separate legal claims brought against the same defendants for two alleged types of misconduct, one towards the corporation and another towards the plan, with the first suit based on the Mushlins' status as employees of the corporation and the second on their status as trustees, Pension Committee members, and participants in the pension plan.

**3.** Since the Pension Committee members have now been joined in the state-court action as defendants to this claim, see Affidavit of Neal M. Goldman at Exhibit G, all relevant parties appear to be before the state court.

within ten days of the date of this Opinion and Order as to the estimated date of a state-court ruling on Muriel Mushlin's pension claim, and shall further contact the Court within the same ten-day period to arrange to appear at a pretrial conference in May or early June to set a trial date falling after the estimated date of the state court's ruling or the date at which this Court's stay will expire.

SO ORDERED.