**Erica P. JOHN, Plaintiff,**

v.

**SOTHEBY'S, INC., Defendant.**

**No. 90 Civ. 5867 (DNE).**

United States District Court, S.D. New York.

Feb. 10, 1992.

Halling & Cayo, S.C., Milwaukee, Wis., David B. Halling, Steven J. Rollings (Vedder, Price, Kaufman, Kammholz & Day, New York City, Jonathan A. Wexler), of counsel, for plaintiff.

Berger Steingut Tarnoff & Stern, New York City (Peter R. Stern, Jonathan A. Olsoff, of counsel), for defendant.

## OPINION & ORDER

EDELSTEIN, District Judge:

### Background

This dispute arises out of a February 27, 1989 agreement between the parties under

which Sotheby's contracted to sell by auction plaintiff's painting, entitled "Christus," which was allegedly painted by Rembrandt Harmensz Van Rijn. The contract permits Sotheby's to withdraw the painting from auction for various reasons, including breach of plaintiff's assurance that the painting is free of all claims, liens and encumbrances. Citing this provision, Sotheby's withdrew the painting from auction after a third-party, Dr. Julian Nava, informed Sotheby's on January 3, 1990 that he owned the painting, having allegedly purchased it from plaintiff's ex-husband, Harry John, in 1985. Dr. Nava informed Sotheby's that he possessed a valid bill of sale for the painting.

Dr. Nava's claim to the painting is fairly long-standing. In 1985, plaintiff initiated an action against her husband in Wisconsin state court for the division of marital property. During the pendency of this action, Dr. Nava allegedly informed the Wisconsin court that he had purchased the painting from Mr. John in 1985. Despite the court's encouragement, however, Dr. Nava declined to intervene in that action; subsequently, the Johns settled the action and determined that the painting was marital property that should be placed for auction sale at Sotheby's.

In early 1990, Dr. Nava brought an action in California state court against, among others, Sotheby's, and Erica and Harry John, seeking possession of the painting. Ms. John moved to dismiss the suit against her due to lack of personal jurisdiction, and the court granted her motion.

After being excused from the California action and demanding that Sotheby's return the painting to her, plaintiff brought this action, in September 1990, for compensatory and punitive damages due to defendant's alleged breach of the sales contract and defendant's subsequent conversion of plaintiff's painting. On October 5, 1990, the parties stipulated that Sotheby's would have until November 1, 1990 to answer the

complaint. Two weeks later, however, this Court placed the case on the suspense docket for six months in order to resolve the issue of ownership of the painting. On July 1, 1991, Sotheby's filed an answer.[1] Sotheby's basic response to plaintiff's allegations is that Sotheby's has retained possession of the painting because it is unsure who is the rightful owner, and it fears becoming liable to the rightful owner if it relinquished the painting to the wrong individual.

Both parties have made motions in this case. Plaintiff has moved to dismiss defendant's answer and counterclaims because defendant allegedly filed its answer in an untimely fashion. In addition, Ms. John has moved for partial summary judgment, pursuant to Federal Rule of Civil Procedure 56, on the ground that as a matter of law this Court must find that Sotheby's breached its contract with plaintiff and that it must return the painting to her. Defendant has moved to interplead Dr. Nava pursuant to Rule 22, or, in the alternative, to dismiss the action for failure to join an indispensable party pursuant to Rules 19 and 12(b). As a third alternative, Sotheby's has moved for a stay of this action pending resolution of the California suit. Sotheby's also seeks to deposit the painting with the clerk of the court. Finally, Dr. Nava has moved to intervene in this action pursuant to Rule 24(a)(2). For the reasons stated below, plaintiffs motions are denied in their entirety and defendant's motion to interplead Dr. Nava is granted. Defendants other motions, made in the alternative—to dismiss or stay this action—are denied. Sotheby's motion to deposit the painting with the clerk of the court is denied. Dr. Nava's motion to intervene is granted.

### *Discussion*
### A. Defendant's Motions
#### *1. Counterclaim for Interpleader and Motion to Interplead Dr. Nava*

Sotheby's has moved to interplead Dr. Nava, and has also asserted a counter-

---

1. In its answer, defendant has asserted counterclaims for attorney's fees and costs, and to institute an interpleader action.

claim which seeks to institute an interpleader action pursuant to Rule 22. Rule 22 provides that "[p]ersons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability.... A defendant exposed to similar liability may obtain such interpleader by way of cross-claim or counterclaim." Fed. R.Civ.P. 22(1). The Rule is designed to insulate a stakeholder from contradictory judgments and multiple liability and to relieve a stakeholder from having to determine which claim among several is meritorious. *See Algemene Bank Nederland, N.V. v. Soysen Tarim Urunleri Dis Ticaret Ve Sanayi, A.S.*, 748 F.Supp. 177, 180 (S.D.N.Y.1990); *Grossman v. Mushlin*, 493 F.Supp. 330, 333 (S.D.N.Y.1980); *see also Septembertide Publishing, B.V. v. Stein & Day, Inc.*, 884 F.2d 675, 683 (2d Cir.1989).

 A defendant seeking to institute a rule interpleader action must do so by way of a cross-claim or counterclaim; a defendant's Rule 22 action must have some nexus with a party in the case. *See Grubbs v. General Elec. Credit Corp.*, 405 U.S. 699, 705 n. 2, 92 S.Ct. 1344, 1349 n. 2, 31 L.Ed.2d 612 (1972); *Bankers Trust Co. v. Manufacturers Nat'l Bank*, 139 F.R.D. 302 (S.D.N.Y. Oct. 21, 1991). Sotheby's has sought to commence this interpleader action by counterclaim, and thus, from a procedural vantage point, it has properly asserted its claim.

 Moreover, interpleader is appropriate in this case. An interpleader action is appropriate when a stakeholder " 'legitimately fears multiple [liability] directed against a single fund,' " regardless of the merits of the competing claims. *Krishna v. Colgate Palmolive Co.*, No. 90 Civ. 4116, 1991 WL 125186, 1991 LEXIS 8912 (S.D.N.Y. June 27, 1991) (quoting 7 Charles Wright, et al., Federal Practice & Procedure § 1704, at 501 (2d ed. 1986)). Sotheby's situation is precisely the type contemplated by Rule 22. Sotheby's faces the prospect of, and legitimately fears, double liability because if it incorrectly returns the

painting to either Dr. Nava or plaintiff, it is liable to the rightful owner for damages. Accordingly, Sotheby's may commence an interpleader action. Because this Court has granted Sotheby's interpleader request, it has no need to consider whether to dismiss this case for failure to join Dr. Nava as an indispensable party, or to stay this action pending resolution of the California litigation.

### 2. Motion to Deposit Painting with Clerk of Court

 Sotheby's seeks this Court's permission, pursuant to Rule 67, to deposit the painting with the clerk of the court. Rule 67 provides that

in an action in which any part of the relief sought is a judgment for a sum of money or the disposition of a sum of money or the disposition of any other thing capable of delivery, a party, upon notice to every other party, and by leave of court, may deposit with the court all or any part of the sum or thing. The party making deposit shall serve the order permitting deposit on the clerk of the court.

Fed.R.Civ.P. 67. Unlike statutory interpleader, 28 U.S.C. § 1335, which requires a stakeholder to deposit the asset with the court, deposit of the asset is not a jurisdictional prerequisite for rule interpleader. *See National Union Fire Ins. Co. v. Ambassador Group, Inc.*, 691 F.Supp. 618, 621 (E.D.N.Y.1988); *Nationwide Mutual Ins. Co. v. Eckman*, 555 F.Supp. 775, 778 (D.Del.1983); 3A James W. Moore, et al., Moore's Federal Practice ¶ 22.10 (2d ed. 1989).

 Nonetheless, this Court has discretion to permit such a deposit under Rule 67. *See Gulf States Util. Co. v. Alabama Power Co.*, 824 F.2d 1465, 1475 (5th Cir.), *modified on other grounds*, 831 F.2d 557 (5th Cir.1987); *Bauer v. Uniroyal Tire Co.*, 630 F.2d 1287, 1290 n. 4 (8th Cir.1980). "The purpose of Rule 67 is 'to relieve the depositor of responsibility for a fund in dispute,' such as in an interpleader action." *Gulf States*, 824 F.2d at 1474 (quoting 12 Charles Wright & Arthur Miller, Federal

Practice & Procedure § 2991 (1973)); *see Prudential Ins. Co. of Am. v. BMC Indus.*, 630 F.Supp. 1298, 1300 (S.D.N.Y.1986). The rule applies only where a dispute exists concerning the funds or object. *See Baxter v. United Forest Prod. Co.*, 406 F.2d 1120, 1126 (8th Cir.1969), *cert. denied*, 394 U.S. 1018, 89 S.Ct. 1635, 23 L.Ed.2d 42 (1969); *Manufacturers Hanover Overseas Capital Corp. v. Southwire Co.*, 589 F.Supp. 214, 221 (S.D.N.Y.1984).

This Court does not believe it is appropriate for defendant to deposit the painting with the clerk of the court. Rule 67 is intended to relieve a depositor of the burden of administering an asset. Often, the depositor's only interest in a case is possession of an asset; after depositing it with the Court the depositor is excused from the case. *See, e.g., Garrick v. Weaver*, 888 F.2d 687, 694 (10th Cir.1989); *Baxter*, 406 F.2d at 1126. Sotheby's is not in an analogous position. Because this Court has not dismissed plaintiff's action or granted defendant summary judgment, Sotheby's remains in this case whether or not this Court allows it to deposit the painting. Denying Sotheby's request to deposit the painting, therefore, does not significantly affect Sotheby's interests or greatly increase its burdens in connection with this litigation.

In addition, a goal of Rule 67 is to provide a safe place to keep the asset. *See Prudential*, 630 F.Supp. at 1300. In this case, however, the painting will be better preserved if it remains with Sotheby's. Sotheby's has facilities to store the work where this Court has no such facilities. Other federal courts seem to have confronted a similar practical difficulty: a review of federal court decisions construing Rule 67 did not uncover a single case that permitted the deposit of an object other than money. Accordingly, defendant's request to deposit the painting with the clerk of the court is denied.

### B. Dr. Nava's Motion to Intervene

■ Dr. Nava has moved, pursuant to Rule 24(a)(2), to intervene as of right in this action. Rule 24(a)(2) provides that an applicant shall be allowed to intervene in an action when

> the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed.R.Civ.P. 24(a)(2). The Supreme Court has stated that "a traditional basis for intervention [as of right] derives from interpleader practice; when a number of persons possess claims to a fund which are or may be mutually exclusive, intervention is allowed a claimant." *Cascade Natural Gas Corp. v. El Paso Natural Gas Co.*, 386 U.S. 129, 146, 87 S.Ct. 932, 942, 17 L.Ed.2d 814 (1967); *Barnes v. Alexander*, 232 U.S. 117, 34 S.Ct. 276, 58 L.Ed. 530 (1914); *Krishna v. Colgate Palmolive Co.*, No. 90 Civ. 4116, 1991 WL 125186, 1991 LEXIS 8912 (S.D.N.Y. June 27, 1991). Because this Court has permitted Sotheby's to institute an interpleader action, Dr. Nava, as a claimant of the stake, may intervene as of right in this action.

■ It is worth noting that Dr. Nava meets this Circuit's criteria for intervention as of right, without looking to the Supreme Court ruling in *Cascade*. In order to intervene as of right under Rule 24(a)(2), an applicant must: (1) file timely, (2) demonstrate an interest in the action, (3) show an impairment of that interest arising from an unfavorable disposition, and (4) have an interest not otherwise adequately protected. *See Washington Elec. Coop., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 922 F.2d 92, 96 (2d Cir.1990); *United States v. New York*, 820 F.2d 554, 556 (2d Cir.1987).

■ Dr. Nava's motion is timely. Dr. Nava alleges that he sought to intervene immediately after learning of this action. Nava affidavit at ¶ 4. He brought this motion in July 1991. Plaintiff brought this action in September 1990, and it was soon placed on the suspense calendar for six months, until April 1991, pending the out-

come of Dr. Nava's California action. Thus, Dr. Nava brought this motion less than two months after the case came off the suspense docket, which is the operative date from which to assess the timeliness of the intervention motion.[2] This two-month wait results in no prejudice to any party. On the contrary, the addition of Dr. Nava as a party in this case facilitates Sotheby's attempt to determine the painting's true owner; indeed, Sotheby's has filed a memorandum of law in support of Dr. Nava's motion.

Dr. Nava, by claiming ownership of the painting, which is the object of this litigation, also satisfies the requirement that he have a direct and protectable interest in this action. *See Restor-a-Dent Dental Lab., Inc. v. Certified Alloy Prod., Inc.*, 725 F.2d 871, 874 (2d Cir.1984).

In addition, Dr. Nava's interest is impaired if he is not allowed to intervene. Prohibiting intervention will probably result in awarding the painting to plaintiff, because plaintiff will offer unrefuted proof of ownership. The painting currently is in the possession of a neutral party; awarding to an adverse party what Dr. Nava claims to own, and then compelling him to institute a separate action either to recover the painting or for damages, burdens his interest.

Moreover, Dr. Nava's interest is not adequately protected by the present parties because plaintiff seeks to obtain what Dr. Nava allegedly owns and Sotheby's has no incentive to protect Dr. Nava's interests. Accordingly, Dr. Nava's motion to intervene as of right is granted.

### C. Plaintiff's Motions

#### 1. Motion to Dismiss Answer and Counterclaims

██ Plaintiff contends that because Sotheby's served its answer after November 1, 1990, which was the stipulated time to respond, defendant's answer and counterclaims should be dismissed as untimely. Essentially, Ms. John asserts that defendant's failure to file a timely response is a

default, and her motion to strike the answer is the equivalent of a motion for entry of default under Rule 55(a). Rule 55(a) provides for entry of a default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules." Fed.R.Civ.P. 55(a).

██ The filing of a late answer is analogous to a motion to vacate a default. *See Meehan v. Snow*, 652 F.2d 274, 275–76 (2d Cir.1981); *Pension Benefit Guar. Corp. v. Canadian Imperial Bank of Commerce*, No. 87 Civ. 1046, 1989 WL 50171, 1989 LEXIS 4982 (S.D.N.Y. May 8, 1989). This is because the party filing the late answer receives "the same opportunity to present mitigating circumstances that [it] would have had if a default had been entered and [it] moved under Rule 55(c) to set it aside." *Snow*, 652 F.2d at 276. Accordingly, this Court treats Sotheby's filing of a late answer as a motion, under Rule 55(c), to vacate the default. Rule 55(c) provides that "[f]or good cause shown the court may set aside an entry of default." Fed.R.Civ.P. 55(c).

██ Defaults are disfavored and disputes connected with a motion to vacate a default are resolved in favor of the movant so as to encourage a decision on the merits. *See Traguth v. Zuck*, 710 F.2d 90, 94 (2d Cir.1983); *Snow*, 652 F.2d at 277. In considering whether to set aside a default, either pursuant to Rule 55(c) or Rule 60(b), courts must consider whether: (1) the default was wilful; (2) defendant has a meritorious defense; and (3) any prejudice will result to the non-defaulting party if relief is granted. *See Davis v. Musler*, 713 F.2d 907, 915 (2d Cir.1983); *SEC v. Hasho*, 134 F.R.D. 74, 76 (S.D.N.Y.1991).

Applying this standard, and resolving all doubts in Sotheby's favor, this Court vacates defendant's default. Sotheby's did not file a timely answer in the mistaken belief that this Court's decision to place this case on the suspense calendar for six

---

**2.** Having suspended this action in the hope that the California court would resolve title issues, this Court will not penalize Dr. Nava for not

moving to intervene in late 1990, when plaintiff first brought this action.

months eliminated the necessity of answering plaintiff's complaint during this period. Defendant filed its answer on July 1, 1991. While defendant acted imprudently in at first failing to answer, and then in waiting until six weeks after this case was restored to the active docket to file a response, its default was not wilful.

In addition, Sotheby's defense is meritorious, though Sotheby's need not conclusively establish the validity of its defense in order to file a late answer in this action. *See Davis*, 713 F.2d at 916; *Tecnart Industria E. Comercio Ltda. v. Nova Fastners Co.*, 107 F.R.D. 283, 285 (E.D.N.Y. 1985). Rather than return the painting to plaintiff and face the prospect of multiple liability if Dr. Nava actually owns the piece, Sotheby's has sought, in its answer, to institute an interpleader action. As previously noted, interpleader is appropriate in this case. *See supra* p. 33. Because interpleader allows a stakeholder to resolve ownership issues in a judicial forum before it has to relinquish possession, Sotheby's has proffered a potentially viable defense. *See Ardisco Fin. Corp. v. de Margoulies*, 21 A.D.2d 295, 298, 250 N.Y.S.2d 77, 79 (1st Dep't 1964).

Finally, this Court finds that permitting defendant to answer and assert counterclaims will not prejudice plaintiff. In fact, plaintiff fails even to allege that permitting defendant's answer will result in any meaningful prejudice. Because defendant satisfies the criteria for vacating a default under Rule 55(c), plaintiff's motion to strike defendant's answer and counterclaims is denied.

Nevertheless, by failing to file a timely answer, Sotheby's counsel has acted in an imprudent and careless fashion. Complying with basic rules of federal civil procedure is hardly an onerous or complicated endeavor. Though Sotheby's satisfies the Rule 55(c) criteria, and is thus entitled to have its default vacated, this Court does not condone counsel's inattention to elementary filing requirements.

### 2. Motion for Partial Summary Judgment

■ "It is well settled that a court should grant a motion for summary judg-

ment only if the evidence, viewed in the light most favorable to the party opposing the motion, presents no genuine issue of material fact." *Cable Science Corp. v. Rochdale Village, Inc.*, 920 F.2d 147, 151 (2d Cir.1990); *see United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962). The Supreme Court has noted that whether an issue is genuine and material for purposes of summary judgment depends on "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). A "court may grant summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Conclusory allegations cannot defeat a motion for summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986); *Francis v. Coughlin*, 891 F.2d 43, 47 (2d Cir.1989). "To defeat a motion for summary judgment a plaintiff must offer 'concrete evidence from which a reasonable juror could return a verdict in his favor.'" *Cinema North Corp. v. Plaza at Latham Associates*, 867 F.2d 135, 138 (2d Cir.1989) (quoting *Dister v. Continental Group, Inc.*, 859 F.2d 1108 (2d Cir.1988)).

Plaintiff seeks partial summary judgment on its claims that Sotheby's breached its contract with plaintiff and that it must return the painting to plaintiff. Were this Court to grant plaintiff's motion, the only remaining triable issue would be damages. At this stage of the litigation, however, summary judgment is inappropriate. Plaintiff has not established that she owns the painting; this Court will determine ownership of "Christus" in the context of the interpleader action that Sotheby's commenced. Until the title issue is resolved,

Ms. John has no right to the painting or damages.

### D. Jurisdiction after Intervention

 This Court retains subject matter jurisdiction even with the addition of Dr. Nava as a party in this action. Unlike "statutory interpleader," 28 U.S.C. § 1335(a)(1), which provides for federal subject matter jurisdiction where two or more adverse claimants' citizenship are diverse, rule interpleader does not provide any independent jurisdictional basis. In order to entertain a rule interpleader action, a traditional basis for subject matter jurisdiction must exist. *See Geler v. National Westminister Bank*, 763 F.Supp. 722, 726–27 (S.D.N.Y.1991); *Banco de Ponce v. Hinsdale Supermarket Corp.*, 663 F.Supp. 813, 815 (E.D.N.Y.1987). In this case, Dr. Nava is a California resident, plaintiff is a Wisconsin resident and defendant is a New York corporation with its principal place of business in New York. Accordingly, this Court has subject matter jurisdiction because complete diversity exists and the amount in controversy exceeds $50,000. *See* 28 U.S.C. § 1332(a).[3]

 Finally, by moving to intervene in this action, Dr. Nava has consented to personal jurisdiction. Dr. Nava has also submitted to this Court a signed "Statement of Submission to the Jurisdiction of the Court," dated June 26, 1991, in which he consents to this Court's jurisdiction.

### Conclusion

Defendant's motion to interplead Dr. Nava, and its counterclaim seeking to institute an interpleader action, are granted. Defendant's motion to deposit the painting with the clerk of the Court is denied. In addition, defendant is not discharged from liability at this time. Dr. Nava's motion to intervene as of right is granted. Plaintiff's motion for partial summary judgment is denied. Plaintiff's motion to dismiss or strike defendant's answer and counterclaims is denied.

SO ORDERED.

---

**3.** It is worth noting that a party who intervenes as of right need not demonstrate an independent basis for jurisdiction, and the addition of such an intervenor will not destroy diversity regardless of citizenship. *See Mutual Fire Marine & Island Ins. Co. v. Adler*, 726 F.Supp. 478, 481 (S.D.N.Y.1989); 3B James W. Moore & John E. Kennedy, Moore's Federal Practice § 24.18(1) (2d ed. 1987). While an exception to this rule requires an independent jurisdictional basis for the addition of one deemed an indispensable party under Rule 19, as previously stated, the addition of Dr. Nava does not destroy complete diversity in this action. *See New York State Ass'n for Retarded Children v. Carey*, 438 F.Supp. 440, 445 n. 4 (E.D.N.Y.1977) ("If the court would have had no jurisdiction over the indispensable party at the commencement of the suit, the jurisdictional requirements cannot be avoided by adding him later in the proceeding."). Accordingly, this Court has no need to consider whether Dr. Nava is an indispensable party to this action.