Keith M. **HEBER**, Plaintiff,

v.

**UNITED STATES of America,
Defendant.**

Civ. No. 92–C–475A.

United States District Court,
D. Utah, C.D.

Dec. 29, 1992.

Keith M. Heber, pro se.

Robert P. McIntosh, Asst. U.S. Atty., Washington, DC, for defendant.

## ORDER DENYING PLAINTIFF'S MOTION TO STRIKE

ALDON J. ANDERSON, Senior District Judge.

This matter comes before the court on Pro Se Plaintiff Keith M. Heber's Motion to Strike the Defendant United States of America's Answer and to Dismiss. Plaintiff Keith M. Heber is on the brief pro se. Robert P. McIntosh, Assistant United States Attorney, is on the brief for the United States. The court, having reviewed the record and the applicable law, denies Heber's Motion to Strike and to Dismiss.

On May 29, 1992, Heber filed his Complaint seeking a tax reduction of $2079 plus interest and penalty for the 1984 tax year. Heber grounds his Complaint on his contention that his paid tax preparer for the 1984 tax year inadvertently failed to claim the Intangible Drilling tax deduction. In its Answer, the United States defends that this court lacks jurisdiction and that the claim is barred by the statute of limitations.

Because this matter involves the United States as defendant, Rule 12(a) of the Federal Rules of Civil Procedure allows 60, rather than 20, days after service on the United States attorney to answer the complaint. Summons and Complaint were served on the United States on June 9, 1992, making the government's answer due on August 10, 1992. On August 11, 1992, the government filed a Motion to Extend the Time for its Answer on grounds that the Assistant United States Attorney in charge of the government's defense was still waiting to receive the pertinent administrative file from Washington, D.C. The court granted an extension until August 31, 1992. The government filed its Answer on September 23, 1992.

In his Motion to Strike and to Dismiss, Heber seeks the relief requested in his Complaint. In response, the government does not explain why its Answer was filed over three weeks beyond the time ordered for the Answer. Rather the government argues that, as of September 9, 1992, nine days after its response was due, it was engaged in meaningful settlement discussions with Heber. Further, the government contends that, as a matter of law, Rule 12(f) does not allow the relief Heber seeks unless the Answer contains an insufficient defense or redundant, immaterial, impertinent, or scandalous material.

Although styled as a Motion to Strike, the substance of Heber's motion is that a defendant's failure to file a timely response is a default, and that his Motion to Strike is equivalent to a motion for entry of default under Federal Rule of Civil Procedure 55(a). *See John v. Sotheby's, Inc.*, 141 F.R.D. 29, 35 (S.D.N.Y.1992). "Rule 55(a) provides for the entry of a default '[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules.'" *Id.* (quoting Fed.R.Civ.P. 55(a)). Consequently, "[t]he filing of a late answer is analogous to a motion to vacate a default", because "the party filing the late answer receives 'the same opportunity to present mitigating circumstances that [it] would have had if a default had been entered and [it] had moved under Rule 55(a) to set it aside.'" *Id.* (quoting *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir.1981)). Accordingly, the court treats Heber's motion as a Motion for Entry of a Default Judgment, and the government's response as a Motion to Set Aside a Default. *Id.*

Under Rule 55(c), the court may, for good cause shown, set aside a default judgment. Because defaults are disfavored, the court resolves disputes connected with a Motion to Set Aside a Default in favor of the Defendant "so as to encourage a decision on the merits." *Id.* The court

will consider three factors in determining whether to grant Heber's motion: (1) whether the default was wilful; (2) whether defendant has a meritorious defense; and (3) whether any prejudice will result to the nondefaulting party if relief is granted. *Id.* (citations omitted).

Applying this standard and resolving all doubts in favor of the government, the court denies Heber's Motion to Strike. First, the record does not indicate that the government's late answer was wilful. Nothing before the court suggests that the government was attempting to stall or to delay.[1] Second, the government has raised two defenses in its answer: (1) lack of subject matter jurisdiction and (2) statute of limitations. On its face, the government's answer raises meritorious defenses. Finally, Heber will not suffer prejudice if the court denies his motion. Denial of Heber's Motion does not deprive him of the opportunity to obtain the relief he seeks. The court assumes that when Heber filed this suit, he did so understanding the cost and the time that he would expend in proving the merits of his case. He still has the opportunity to litigate his claim. Thus, Heber is not prejudiced by denial of his motion.

IT IS SO ORDERED.

---

**1.** The court cautions, however, that the government may have been careless in allowing the extended August 31, 1992 deadline to pass without filing its Answer. Further, the government could have used greater care in responding to Heber's Motion to Strike. At a minimum, the government should have detailed the efforts it undertook to settle and to Answer, during the period from August 10, 1992, when it moved to extend the deadline for its Answer, and September 23, 1992, when it filed its Answer. It does not necessarily follow from these shortcomings, however, that the government has acted wilfully, and the court does not so find that the government acted wilfully.