■ STUART PIVAR, Appellant, v GRADUATE SCHOOL OF FIGURATIVE ART OF THE NEW YORK ACADEMY OF ART, Respondent. [735 NYS2d 522] —Judgment, Supreme Court, New York County (Stanley Sklar, J.), entered April 14, 2000, which, following a jury verdict in favor of defendant The Graduate School of Figurative Art of the New York Academy of Art (the Academy), dismissed plaintiff's second and third causes of action, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, the second and third causes of action reinstated, and the matter remanded to Supreme Court for a new trial.

This dispute arises out of the purchase by plaintiff of two plaster casts from the owner of a foundry. The plaster casts were made from a clay sculpture by Anna Hyatt Huntington and were used in the production of the final metal sculpture entitled "Fighting Stallions," which was cast in aluminum in the 1940's and which stands in a public square in Havana, Cuba. Plaintiff acquired the plasters, which art experts described as works of art in their own right, in the mid-1980's. The artist died in 1973, and her will bequeathed her "plasters casts" to Syracuse University. However, the plasters at issue had never been reclaimed from the foundry by the artist.

It is undisputed that plaintiff loaned both pieces to the Academy to be used for instructional purposes. The relationship between plaintiff and the Academy's Board of Directors deteriorated, however, and plaintiff commenced this replevin action in December 1995, after making repeated demands for the return of the plasters.

At trial, the court instructed the jurors that before they could consider the issue of bailment, they must first determine that plaintiff was the valid owner of the plasters. Plaintiff never raised any objection to this instruction, and the jury found that he did not validly own the pieces.

As this Court stated in *Martin v Briggs* (235 AD2d 192, 197): "A '[b]ailment does not necessarily and always, though generally, depend upon a contractual relation. It is the element of

lawful possession, however created, and duty to account for the thing as the property of another that creates the bailment, regardless of whether such possession is based on contract in the ordinary sense or not.' (*Foulke v New York Consolidated R.R. Co.*, 228 NY 269, 275.) A bailment 'may arise from the bare fact of the thing coming into the actual possession and control of a person fortuitously, or by mistake as to the duty or ability of the recipient to effect the purpose contemplated by the absolute owner.' (*Phelps v People*, 72 NY 334, 358.) A bailment 'may be created by operation of law. It is the element of lawful possession, and the duty to account for the thing as the property of another, that creates the bailment, whether such possession results from contract or is otherwise lawfully obtained. It makes no difference whether the thing be intrusted to a person by the owner or by another. Taking lawful possession without present intent to appropriate creates a bailment'."

It is no defense to a replevin action that someone other than the plaintiff is the true owner of the property: "the plaintiff need only establish a superior possessory right in the chattel to that of the defendant" (*G & S Quality v Bank of China*, 233 AD2d 215, 216; *see also*, 9 NY Jur 2d, Bailments and Chattel Leases § 41). Thus, absent a demand from a third party asserting a superior right, the subject property must be returned to the bailor (*Ardisco Fin. Corp. v de Margoulies*, 21 AD2d 295).

While plaintiff raised no objection to the court's erroneous charge, "where the error is so fundamental as to preclude consideration of the central issue upon which the claim of liability is founded, the court may, in the interests of justice, proceed to review the issue even in the absence of objection or request" (*Rivera v Bronx-Lebanon Hosp. Ctr.*, 70 AD2d 794, 796, citing *Rodriguez v Cato*, 63 AD2d 922; *see*, *Martin v City of Cohoes*, 37 NY2d 162, 165; *see also*, *Raber Co. v 130 Lafayette St. Corp.*, 101 AD2d 794). The question for the jury was whether plaintiff had a superior possessory interest in the plasters. Having met his burden of establishing delivery of the property to the bailee and the failure to return it, the burden shifted to the Academy to overcome the presumption of liability (*Weinberg v D-M Rest. Corp.*, 60 AD2d 550, *mod on other grounds* 53 NY2d 499). Having decided that plaintiff failed to establish ownership of the pieces, the jury never reached the central issue of bailment, and a new trial is warranted in the interests of justice. Concur—Mazzarelli, J.P., Sullivan, Wallach, Rubin and Friedman, JJ.