19-56-cv
*Liang v. Home Reno Concepts LLC*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of February, two thousand twenty.

PRESENT:   DENNIS JACOBS,
                    GUIDO CALABRESI,
                    DENNY CHIN,
                            *Circuit Judges.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

BIWEN LIANG,

                    *Plaintiff-Appellant*,

                    -v-                                                      19-56-cv

HOME RENO CONCEPTS, LLC, HOME BEYOND
CENTER LLC, BEINA CHEN, YAN MYERS, AND
TAO YANG,
                    *Defendants-Appellees*,

DOES 1-5,

                    *Defendants*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:     Hashim Rahman, Rahman Legal, New York, New York.

FOR DEFENDANTS-APPELLEES:     Jin Huang, Flushing, New York.

Appeal from the United States District Court for the Eastern District of New York (Bulsara, *M.J.*).[1]

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of the district court are **AFFIRMED.**

Plaintiff-appellant Biwen Liang appeals from a memorandum and order, entered October 12, 2018, dismissing her claims against defendants-appellees Home Reno Concepts LLC ("Home Reno"), Home Beyond Center LLC ("Home Beyond"), Beina Chen, Yan Myers, and Tao Yang ("defendants"). She also appeals an order entered December 6, 2018 denying her motion for reconsideration of the October 12, 2018 order and an earlier order. The second amended complaint alleged civil violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962, and several state causes of action in connection with Liang's hiring of defendants for a home renovation project. The district court granted defendants' motion for judgment on the pleadings, pursuant to Fed R. Civ. P. 12(c), as to Liang's RICO claims and declined to exercise supplemental jurisdiction over the remaining state law claims. We

---

[1]     The parties consented to jurisdiction by a magistrate judge in the court below pursuant to 28 U.S.C. § 636(c).

assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

The facts alleged in the second amended complaint are assumed to be true. Chen, Myers, and Yang were the principals of Home Reno and Home Beyond, two companies that offered home renovation services in the New York City area. Home Reno was created after consumer complaints "mounted" against Home Beyond, J. App'x at 24, and, although it marketed itself as "fully licensed and insured," Home Reno was never actually licensed to provide home renovation services in either New York City or Nassau County, nor was it "fully . . . insured." J. App'x at 24-25.

In July 2016, after viewing Home Reno's website and speaking with Chen and Myers, Liang hired Home Reno to renovate her home's flooring, lighting, and upstairs bathroom and install a new heating system. The renovation projects were not successful and the heating system was never activated. When Liang called Home Reno to ask if someone could turn on the system, she was told that she still had an unpaid balance, which was not true, and that Home Reno would only send someone if she paid additional money. The other renovations were also not satisfactory. Liang and her family ultimately paid someone else to redo the work.

Plaintiff commenced this action on June 9, 2017 and defendants timely answered. On October 23, 2017, defendants moved for judgment on the pleadings to dismiss Liang's RICO and RICO conspiracy claims, arguing that the complaint failed to

allege a pattern of racketeering. While defendants' motion was pending, Liang filed a motion for leave to amend the complaint and a subsequent motion for leave to amend the proposed amended complaint. In an order issued March 19, 2018, the district court granted plaintiff's second motion, *i.e.*, for leave to file what was essentially the second amended complaint (the "Complaint"), denied the motion for leave to file a first amended complaint as moot, and held that no further amendments to the pleading would be permitted. The district court further denied defendants' motion for judgment on the pleadings and instructed defendants that any motion to dismiss the Complaint had to be filed by April 23, 2018. On April 23, 2018, defendants filed their answer to the Complaint and renewed their motion for judgment on the pleadings.

In a memorandum and order issued October 12, 2018, the district court granted defendants' motion for judgment on the pleadings as to Liang's RICO claims and declined to exercise supplemental jurisdiction over Liang's remaining state law claims pursuant to 28 U.S.C. § 1367(c). Liang moved for reconsideration of both the March 19, 2018 and October 12, 2018 orders, asking the court to reconsider its dismissal of her RICO claims or, in the alternative, to grant her leave to amend the Complaint. The district court denied the motion, and this appeal followed.

On appeal, Liang contends that the district court erred in dismissing her RICO claims because the Complaint sufficiently alleged RICO claims premised on wire fraud, mail fraud, and attempted extortion. In the alternative, plaintiff argues that she

should have been granted leave to amend the Complaint -- to file what would have been a fourth pleading -- to add facts learned during discovery.[2]

### *STANDARD OF REVIEW*

We review the granting of a motion for judgment on the pleadings *de novo*, "accept[ing] all factual allegations in the complaint as true and constru[ing] them in the light most favorable to the non-moving party." *Latner v. Mount Sinai Health Sys., Inc*, 879 F.3d 52, 54 (2d Cir. 2018). "We review a district court's denial of leave to amend for abuse of discretion, unless the denial was based on futility, in which case we review that legal conclusion *de novo*." *City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG*, 752 F.3d 173, 188 (2d Cir. 2014).

"We generally treat an appeal from a denial of a motion for reconsideration that largely renews arguments previously made in the underlying order

---

[2]    A party may move for judgment on the pleadings "[a]fter the pleadings are closed"-- in other words, after an answer has been filed.  *See* Fed. R. Civ. P. 12(c); *George C. Frey Ready-Mixed Concrete, Inc. v. Pine Hill Concrete Mix Corp.*, 554 F.2d 551, 553 n.2 (2d Cir. 1977).  If an answer is filed late, the court may treat the issue as one of default.  *See John v. Sotheby's, Inc.*, 141 F.R.D. 29, 35 (S.D.N.Y. 1992) ("The filing of a late answer is analogous to a motion to vacate a default.") (citing *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981)).  The court may then consider whether, under the factors discussed in *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993), default should be vacated.  It appears that the district court excused the late-filed answer without expressly analyzing the *Enron Oil* factors.  It did this without objection from the parties.  The court seems also, and alternatively, to have treated defendants' 12(c) motion as a motion under Rule 12(b)(6), which does not require an answer.  *See* J. App'x 219-20 (in denying plaintiffs' motion for reconsideration, the district court observed that its consideration of the answer "made no difference to the outcome of the motion" and that "[f]ormally disregarding Defendants' answer and concluding it was late does not change the Court's decision").  Under either approach, it is permissible for us to consider whether dismissal on the pleadings was appropriate.

as bringing up for review the underlying order or judgment." *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 52 (2d Cir. 2019). The order denying the motion for reconsideration itself, however, is reviewed only for abuse of discretion. *Id.* at 53.

## DISCUSSION

### I.  *RICO Claims*

To state a claim under RICO's civil provision, 18 U.S.C. § 1962(c), a plaintiff must allege "(1) that the defendant (2) through the commission of two or more acts (3) constituting a 'pattern' (4) of 'racketeering activity' (5) directly or indirectly invests in, or maintains [an] interest in, or participates in (6) an 'enterprise' (7) the activities of which affect interstate or foreign commerce." *Williams v. Affinion Grp., LLC*, 889 F.3d 116, 123–24 (2d Cir. 2018) (quoting *Moss v. Morgan Stanley, Inc.* 719 F.2d 5, 17 (2d Cir. 1983)). Section 1961(1), in turn, identifies predicate "acts" that can form a pattern of racketeering activity, which include mail fraud, wire fraud, and extortion -- the three predicate acts alleged in the Complaint.

The Complaint alleged mail fraud and wire fraud in the form of false and misleading statements posted on defendants' website, Yelp.com, and print advertisements, and extortion in defendants' demanding of additional payment for turning on Liang's home heating system. The district court dismissed Liang's mail and wire fraud claims for a failure to allege fraudulent intent, *see Moore v. PaineWebber, Inc.*, 189 F.3d 165, 173 (2d Cir. 1999), and Liang's extortion claim because a single act cannot

constitute a pattern under RICO § 1962(c), *see GICC Capital Corp. v. Tech. Fin. Grp., Inc.*, 67 F.3d 463, 466 (2d Cir. 1995). As for the remaining RICO conspiracy claim, the court concluded that dismissal was also warranted based on Liang's failure to plead a primary violation of the statute. *See Williams*, 889 F.3d at 126.

We affirm the dismissal of Liang's RICO claims because the conduct at issue, while arguably fraudulent (defendants represented they were fully licensed and insured when they were not), did not constitute "a pattern of racketeering activity." *See Schlaifer Nance & Co. v. Estate of Warhol*, 119 F.3d 91, 97 (2d Cir. 1997). To allege a pattern of racketeering under RICO, a plaintiff "must plead at least two predicate acts and must show that the predicate acts are related and that they amount to, or pose a threat of, continuing criminal activity." *GICC Capital*, 67 F.3d at 465.

In *Schlaifer Nance*, the defendants purportedly fraudulently induced the plaintiffs to enter into a licensing agreement. We affirmed the dismissal of the RICO claim for lack of continuity -- there was only "one purportedly fraudulent act: the negotiation of the [licensing] Agreement." 119 F.3d at 98. Here, the allegations in the Complaint likewise arose from a single act -- Liang's contracting with defendants to perform home renovation services. Liang's attempt to stretch this sole act into seven discreet acts, which she contends include defendants' statements on their website, Yelp.com page, and print newsletter, as well as their sending her an email demanding an "invalid payment," Appellant's Br. at 17, is unavailing. As we advised in *Schlaifer*

*Nance*, "courts must take care to ensure that the plaintiff is not artificially fragmenting a singular act into multiple acts simply to invoke RICO." 119 F.3d at 98. In this case, Liang's allegations stem from a single, allegedly fraudulent act and cannot form the basis for a civil RICO claim. *See id.*

## II.    *Leave to Amend*

The district court also did not abuse its discretion in denying Liang's motion for reconsideration requesting leave to amend the complaint a third time. Liang had three bites at the apple and was still unable to plead a RICO violation. Moreover, unlike the plaintiffs in *Ideal Steel Supply Corp. v. Anza*, 652 F.3d 310, 325 (2d Cir. 2011), there was no indication here that any of the additional facts adduced in discovery would have remedied the deficiencies in the Complaint. The "additional facts" Liang pointed to were that Chen denied knowledge of the licensing requirements in Nassau County during her deposition, and that Home Beyond received a notice that its license had been revoked by Nassau County in November of 2017. These facts, however, do not remedy the Complaint's failure to allege a pattern of racketeering, as opposed to a single act. Amendment, consequently, would have been futile.

*    *    *

We have considered Liang's remaining arguments and conclude they are without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk